# CASES DETERMINED

IN THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS.

OCTOBER TERM, 1889.

J. B. SMITH *et al.*, Respondents, v. ELIZABETH BOESE
*et al.*, Appellants.

Kansas City Court of Appeals, January 6, 1890.

Limitation: CHARTER OF KANSAS CITY: SPECIAL TAX BILL: HUSBAND
AND WIFE: AMENDMENT. Suit was brought on a special tax bill
within the two years' limitation prescribed by the charter of Kansas
City, against a married woman, the owner of the property, with-
out joining her husband and judgment so taken. After the expira-
tion of such limitation, the wife joined with her husband, had
said judgment set aside as having been entered against a married
woman, and thereupon plaintiff amended his proceedings by join-
ing and bringing in the husband. *Held*, that the original suit,
having been brought within two years, saves the tax lien at least
as to the wife's interest against which judgment was taken, not-
withstanding the husband was not brought in by the amendment
until after the two years expired.

(15)

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*Brown, Chapman & Brown,* for the appellant.

(1) The first question presented by this record is: Was any proper suit commenced against defendant Elizabeth Boese on said tax bill in September, 1885? Did the court obtain jurisdiction of her person, her husband not having been joined as a defendant, as required by the statutes? R. S. 1879, sec. 3468. The wife is not *sui juris,* and the law requires her husband to be brought before the court to protect her interest. *Latshaw v. McNees,* 50 Mo. 384; *Fink v. Hagan,* 51 Mo. 280; *Jackman v. Robinson,* 64 Mo. 293; *Edmonson v. Phillips,* 73 Mo. 60. She cannot sue or be sued. 1 Sharswood Blackstone, pp. 441, 442; 2 Stor. Eq., p. 621, sec. 1367; 1 Roper on Husband and Wife, p. 1; 1 Pars. Cont., pp. 339, 340; 2 Kent Com., p. 107; Tyler on Infancy and Coverture, pp. 112, 113. (2) No proper suit was commenced against defendant Elizabeth Boese, for the reason that she when sued, alone, cannot plead to the action; she cannot employ an attorney to make a defense for her, nor can she defend in her own name. *Higgins v. Petzer,* 49 Mo. 157; *Weil v. Simons,* 66 Mo. 617; Freem. Judg., sec. 150. (3) After the amended petition had been filed and John H. Boese made a party and served with process, defendant Elizabeth Boese joined by her husband, John H. Boese, filed her motion to strike the amended petition from the files and dismiss the suit. (*a*) Because the record shows the action was originally commenced upon a special tax bill dated December 29, 1884, against Elizabeth Boese, without joining her husband, John H. Boese, as a party defendant. (*b*) Because the original petition in this case shows upon its face that there was no cause of action against defendant John H. Boese. It is attempted by

Smith v. Boese.

the amended petition to make John H. Boese a party to the original suit. The amended petition constitutes a new cause of action. (4) The record shows that no suit was commenced against defendant John H. Boese on said tax bill within two years after its issuance. That no cause of action now exists against defendants upon said special tax bill. John H. Boese filed his motion to dismiss the suit as to him. (*a*) Because the record shows this suit was originally brought upon a special tax bill issued December 29, 1884. (*b*) The original petition shows upon its face that there was no cause of action against this defendant. The amended petition constitutes a new cause of action as to this defendant. Because the record shows that no suit was commenced against this defendant on said special tax bill within two years after its issuance; that no action now exists against this defendant upon said special tax bill. (5) The motions to dismiss should have been sustained. As to Elizabeth Boese, because the limitation had run against the tax bill before any proper suit had been commenced against her. Before the court had obtained jurisdiction of her person. The motion of John H. Boese, because the amended petition, as to him, was a new suit; he had not been made a party defendant, nor served with process, until long after the limitation had run against said tax bill. *Fury v. Boeckler*, 6 Mo. App. 24; *Bombeck v. Devoiss*, 19 Mo. App. 38; *Jeffers v. Cook*, 58 Cal. 147; *Shaw v. Cook*, 78 N. Y. 196; *Miller v. McIntire*, 6 Peters, star p. 61; *Alexander v. Hamilton*, 8 Cranch, 462; *Crowl v. Nagle*, 86 Ill. 437. There is another well-known principle of law which applies in this case, that is, suits cannot be revived where special statutes have run as limitations. *Rutherford v. Williams*, 62 Mo. 252; Hawes on Parties to Actions, sec. 8; Wood on Limitations, p. 14, n. 4; Story's Equity Pleading, sec. 904; *Altman v. Cole*, 16 Neb. 4.

*Wash. Adams* and *Lathrop, Smith & Morrow*, for the respondent.

(1) The suit to collect the tax bill was brought within two years from the issue thereof against defendant Elizabeth Boese, who was, and is, admittedly, the owner of the property against which the same was issued. This, under the charter, continued the lien in force until the determination of the legal proceedings to collect the same. Acts, 1875, p. 252, sec. 4; *Dougherty v. Downey*, 1 Mo. 674; *Wright v. Pratt*, 17 Mo. 43; *Gosline v. Thompson*, 61 Mo. 471. (2) The non-joinder of the husband of defendant Elizabeth Boese constituted, at most, only an irregularity, which simply required the setting aside of the original judgment, the making him a party and a re-submission of the cause. The running of the special statute of limitations had been arrested by the bringing of the suit against her in the first instance, and the making of her husband a party, for conformity's sake, did not in any way change the cause of action. *Lutshaw v. McNees*, 50 Mo. 381; *Buel v. Trans. Co.*, 45 Mo. 562; *Sunderland v. Hood*, 13 Mo. App. 232; *Merrill v. St. Louis*, 12 Mo. App. 466; *Merrill v. St. Louis*, 83 Mo. 244; *St. Louis v. Lanigan*, 97 Mo. 175; Dicey on Parties [2 Am. Ed.] pp. 324, 326. If any error at all was committed by the court below, it was in sustaining the defense of defendant, John H. Boese, and refusing to subject his interest in the property to sale for the payment of the tax bill. *Mann v. Schroer*, 50 Mo. 306; *Hannon v. Gibson*, 14 Mo. App. 33; *Newman v. Railroad*, 19 Mo. App. 100; *Lottman v. Barnett*, 62 Mo. 159.

ELLISON, J.—This suit is based upon a special tax bill, issued December 29, 1884, in pursuance of the provisions of article 8, amended charter of Kansas City, 1880. Section 4 of said article provides "that every

such tax bill shall be a lien on the property therein described, against which the same may be issued on the date of the receipt to the city engineer therefor, and such lien shall continue for two years thereafter, but not longer, unless suit be brought within the two years from the issue thereof," etc.

A suit was commenced to enforce the payment of this tax bill in September, 1885, and within the two years. To this suit defendant Elizabeth Boese was named as a party defendant. It is admitted that defendant Elizabeth Boese owns the property mentioned in the tax bill, subject to the marital rights of her husband, John H. Boese. It is admitted that Elizabeth Boese and John H. Boese were husband and wife in 1876, and have been ever since, residing together in Kansas City; that they have children living who reside with them. The petition to enforce this tax bill did not make John H. Boese a joint defendant to said suit, but Elizabeth Boese was alone named defendant. All the proceedings which were had in said suit, including the taking of judgment in October, 1886, were had while the defendant Elizabeth Boese was named as a party defendant and without her husband having been joined with her.

In January, 1889, Elizabeth, joined with her husband, by proper proceeding, had the judgment rendered against Elizabeth alone set aside as having been entered against a married woman in a cause wherein her husband was not made a party. Thereupon, in 1889, an amended petition was filed, making the husband a joint defendant, and judgment was rendered enforcing the tax bill against the property, excluding the interest of the husband therein. From this judgment the defendant appeals.

The question for decision is, when was the suit brought as regards the two years' limitation in the charter? The defendants claim that the suit was not

brought, or begun, until after limitation had run, in 1889, when the husband was made a party by the amended petition.

The plaintiff contends that it was brought, or begun, in the sense of the charter, when the original petition was filed against the wife alone. Defendants' contention is, in effect, that bringing the suit against the wife without joining the husband was a nullity, and thereby had not the effect of keeping the tax lien alive beyond the two years' limitation. We cannot agree to such view. It is everywhere conceded that such irregularity is subject to cure by amendment of the original petition, which is, of itself, a recognition that such original petition was not a void matter, but that it represents a subsisting suit, upon which an amendment can be based, and that after the amendment the original cause, existing, standing in court, continues. It is quite true that an amendment setting up a new cause of action will not relate back to the commencement of the suit so as to save the bar of the statute of limitations as to such new cause of action; but such is not the question before us; here there is no new cause of action introduced, but merely the introduction of a new party, leaving the cause of action as to the first party standing as it stood at the beginning. The original suit then, having been brought within the two years, saves the tax lien, at least as to the wife's interest, against which the judgment was taken, notwithstanding the husband was not brought in by the amendment until after the two years expired.

We have not been cited to any case presenting this question, but in *Latshaw v. McNees*, 50 Mo. 381, the petition seeking to enforce a mechanic's lien against the wife's property was brought against her alone within the ninety days' limitation after filing the lien, as is provided by statute. Judgment was taken enforcing the lien. Afterwards, and as in this case, after the

limitation had run, it was asked that the judgment be set aside on the ground that the suit was brought and the judgment taken against the wife without joining the husband; this was refused by the trial court. On appeal the supreme court say that it should be set aside and the cause retried on the merits. The question presented here was not raised in that case, and we gather the facts as to dates from what appears conceded in briefs of counsel.

Our conclusion is the judgment should be affirmed. All concur.