EDWIN H. FORREY, Respondent, v. M. M. HOLMES *et al.*, Appellants.

Kansas City Court of Appeals, February 3, 1896.

Tax Bill: LIMITATION: NEW PARTIES. Where a statute provides that a tax bill shall be a lien for two years but no longer, and suit is commenced within that period against one of the defendants, and another defendant is not brought in until after the expiration of the two years, no judgment can be rendered against the latter party nor his property.

*Appeal from the Jackson Circuit Court.*—HON. J. McD. TRIMBLE, Special Judge.

REVERSED.

*Kinley & Kinley* for appellants.

(1) There was no proper suit commenced on this tax bill against the interest of appellant herein during the life of the tax bill. Two years had elapsed before

appellant was sued on the tax bill, hence the tax bill, together with the lien thereunder, was dead as against appellants' interest in said real estate.    Article 8, sec. 4, Amended Charter of Kansas City, Mo., 1888; *Smith v. Barrett*, 41 Mo. App. 460.    (2) Appellant having been made a party by amending the statement in the justice court will not cure the bar of the statute of limitation of the tax bill lien.    The amendment as to appellants' interest in the real estate will not relate back to the date of beginning suit against the original defendants.    *Bennett v. Mining Co.*, 119 Ill. 9; *Crawl v. Nagle*, 86 Ill. 437; *Haines v. Chandler*, 26 Ill. App. 400; *Madison Bank v. Seeman*, 79 Mo. 527.

*W. C. Scarritt* for respondent.

(1) This suit was brought within two years after the issue of the tax bill in question against defendant M. M. Holmes, who, it is admitted, was, at the time of the institution of the suit, the record owner, and the owner in fact of the property described in the said tax bill.    The suit, consequently, was properly commenced in time.    Acts, 1875, p. 252, sec. 4; Ch. and Rev. Ord. 1888, art. 8, sec. 4, p. 71; *Vance v. Corrigan*, 78 Mo. 94; *State v. Sack*, 79 Mo. 661.    The action having been brought within the time required by law, the running of the statute of limitations was arrested, and the lien of the bill continues until the determination of the legal proceedings to collect the same.    Art. 8, sec. 4, charter of 1875.    This is a much stronger case than *Jaicks v. Sullivan*, 128 Mo. 177, and under the ruling of the court in that case the judgment of the lower court must be sustained.    (2) Bringing in the defendant Hicks, as a party after the commencement of the suit, is simply an amendment which relates back to the commencement of the suit and saves the bar of the statute

of limitations.   *Smith v. Boese*, 39 Mo. App. 18; *Lott-man v. Barrett*, 62 Mo. 170; *Jaicks v. Sullivan*, 128 Mo. 177; *Mann v. Schroer*, 50 Mo. 306; *Buel v. St. L. T. Co.*, 45 Mo. 562; *Hannon v. Gibson*, 14 Mo. App. 33; *Newman v. Railroad*, 19 Mo. App. 100; *Witte v. Meyer*, 11 Wis. 299; *House v. Duncan*, 50 Mo. 453; *Manly v. Downing*, 19 N. W. Rep. 601; *Railroad v. Comstock*, 18 S. W. Rep. 946.

ELLISON, J.—This action is to enforce a special tax bill, issued under the charter of Kansas City.   It appears that M. M. Holmes was the owner of property against which the bill was issued, and that defendant Hicks was the beneficiary in a deed of trust on said property.   That the charter of Kansas City prescribes a limitation period of two years in which suits to enforce such tax bills must be brought.   That the present suit was instituted against Holmes and others within the two years, but defendant Hicks was not then a party defendant.   That he was made a party defendant by amendment after the limitation period had expired.   Judgment was rendered against defendants by the justice of the peace, and Hicks appealed to the circuit court, where judgment was again rendered, enforcing the tax bill against the interest of Hicks and he appealed to this court.

Under the construction of the charter which has been given by the courts, we must hold that the suit was not commenced against Hicks within the two years and that, therefore, it was improper to render the judgment against him or his interest in the property. *Jaicks v. Sullivan*, 128 Mo. 177; *Smith v. Barrett*, 41 Mo. App. 460.

The judgment will, therefore, be reversed.   All concur.