GRANITE BITUMINOUS PAVING COMPANY, Respondent, v. PARKVIEW REALTY & IM-PROVEMENT COMPANY et al., Appellants.

No. 12563.

St. Louis Court of Appeals, December 3, 1912.

1. SPECIAL TAXBILLS: Enforcement: Parties Defendant: Prior Incumbrancers: Rights: Mortgages and Deeds of Trust. Beneficiaries of prior incumbrances upon land hold the same right against the lien of a special taxbill for street improvements as a junior mortgagee holds against a prior mortgagee. The former is a proper, but not a necessary, party to a proceeding to enforce the superior lien by foreclosure. If not made a party, he is not confined to his right to redeem, but may attack the validity of the prior incumbrance in any subsequent proceeding; but his right to redeem before foreclosure sale remains intact, even though he is made a party. [NORTONI, J., dissents.]

2. STARE DECISIS: Controlling Decisions of Supreme Court: Special Taxbills. A decision of the Supreme Court, that the lien of a special taxbill for street improvements is superior to prior incumbrances, is a rule of property, binding on all courts of the State in proceedings involving the same question.

3. SPECIAL TAXBILLS: Enforcement: Parties Defendant: Prior Incumbrancers: Charter of St. Louis. The owner against whom a special taxbill for street improvements is issued, pursuant to the Charter of the city of St. Louis, and who is the legal owner

of the property at the time the lien of the taxbill attaches, is the only necessary party defendant in a proceeding to enforce such lien; and a suit instituted against such owner within two years after the taxbill matures, as required by section 25 of article 6 of said Charter, will be sufficient to preserve its lien, although parties who are beneficially interested in other liens on the property, prior in time to the lien of the taxbill, or who have become owners of the property by foreclosure of such other liens, are not made parties defendant.

> *Held*, by NORTONI, J., dissenting, that the beneficiary in a mortgage or deed of trust on the property, the lien of which is prior in time to the lien of the taxbill, is a necessary party defendant, in proceedings to enforce the lien of the taxbill, for the reason he is an "owner" of the property within section 25 of article 6 of said Charter; *held, further*, that the two-year limitation prescribed by said section is not a mere statute of repose, but limits the existence of the lien, so that, unless suit to enforce the lien is instituted against the "owners" within such time, the lien expires and cannot be revivified.

**STATUTES: Construction.** It is a maxim of judicial procedure that where, in construing a law, two conclusions are equally admissible, the one should be adopted that will best carry out the object which the lawgivers sought to reach.

5. **SPECIAL TAXBILLS: Enforcement: Parties Defendant: Charter of St. Louis: Definition of "Owner."** The term "owner," in its restricted sense, means the legal owner, and, in its wider sense, any person beneficially interested in the property; and, as used in section 25 of article 6 of the Charter of the city of St. Louis, providing that suit for the enforcement of special taxbills shall be brought in the name of the contractor against the *owners* of the land, it should be given the restricted meaning.

> *Held*, by NORTONI, J., dissenting, that the beneficiary in a mortgage or deed of trust on the property, the lien of which is prior in time to the lien of the taxbill, is an "owner" within said Charter provisions, and, as such, is a necessary party defendant in a suit to enforce the taxbill.

6. ———: ———: **Parties Defendant: Prior Incumbrancers: Charter of St. Louis: Facts Stated.** At the time of the attaching of the lien of a special taxbill for street improvements, issued pursuant to the Charter of the city of St. Louis, and for a long time prior thereto, certain mortgages, given to secure the holders of various notes or bonds, were outstanding against the property affected by the lien of the taxbill. Suit was brought against the record owner of the property, to enforce the lien of the taxbill, within two years after it matured, as re-

quired by section 25 of article 6 of said Charter, but the bene-
ficiaries in said mortgage were not made parties defendant.
During the pendency of the suit, the property was sold, under
foreclosure of the mortgage, and the purchaser was made a
party defendant; but, at that time, more than two years had
elapsed from the date the taxbill matured. *Held,* that neither
the beneficiaries in the mortgage nor the purchaser at the fore-
closure sale were necessary parties defendant, and that the
judgment enforcing the lien is, therefore, valid as against said
purchaser.

*Held,* by NORTONI, J., dissenting, that the beneficiaries in the
mortgage were necessary parties defendant, and that the
lien of the taxbill having become extinguished, under the
provisions of section 25 of article 6 of said Charter, by rea-
son of such nonjoinder, the judgment enforcing the lien
is erroneous, as against said purchaser.

7. ——: ——: ——: Legal Owner. For the purpose of de-
termining who is the proper party defendant in a suit to
enforce the lien of a special taxbill issued against property for
street improvements, the law puts the *onus* on the contractor of
ascertaining who is the legal owner of the property, but, prima
facie, the owner of record is the legal owner, unless the con-
tractor is aware of an unrecorded conveyance which changes
the ownership; the only exception to this rule being change of
ownership by descent.

8. INTEREST: Judgments: Special Taxbills: Charter of St. Louis.
Under Secs. 7179, 7181, R. S. 1909, fixing six per cent as the
legal rate of interest, and providing that judgments shall bear
that rate of interest, but that judgments on contracts bearing
more than six per cent interest shall bear the same rate of
interest as fixed by the contracts, a judgment enforcing a spec-
ial taxbill for street improvements made in the city of St. Louis
draws interest at the rate of six per cent per annum, although
the Charter of said city provides for eight per cent interest if
default be made in the payment of a taxbill, inasmuch as the
Charter provision is a provision for penal interest, and is not
interest provided by contract, within section 7181.

9. APPELLATE PRACTICE: Error on Record Proper: Correcting
Erroneous Judgment. The error in a judgment enforcing a
special taxbill, providing that the judgment shall bear interest
at the rate of eight per cent per annum, instead of six, is an
error on the face of the record proper, and the appellate court
will notice and correct it, although the appellant's motion for
a new trial does not complain of it.

Appeal from St. Louis  City  Circuit  Court.—*Hon.
Eugene McQuillin,* Judge.

JUDGMENT MODIFIED AND AFFIRMED AND CAUSE REMANDED
(*with directions*).

CAUSE CERTIFIED TO SUPREME COURT.

*Bland & Cave* and *Carter, Collins, Jones & Barker*
for appellants.

(1) The Charter lien of a taxbill issued July 1,
1905, for work done under an ordinance enacted in
February, 1903, and which could under no possible
theory have become a lien prior to said February,
1903, has no priority over the lien of deeds of trust
executed and recorded in 1902 and 1901. Art. 6, Sec.
24. Charter City of St. Louis; Parker-Washington
Company v. Corcoran, 129 S. W. 1031; Cook Case, 101
Ind. 446; Aetna Case, 117 Ind. 251; Pierce Case, 131
Ind. 284; Lovelass, 133 Ind. 600; Pittsburgh Appeal,
40 Pa. 457; Martin v. Greenwood, 27 Pa. Sup. 245;
Seattle v. Hill, 14 Wash. 487, 489; O'Niel v. Duringer,
31 N. J. Eq. 510; 27 Cyc. 1176; Hamilton on Special As-
sessments, Sec. 708; Elliott Roads and Streets, Secs.
543, 547, 599. (2) But admitting such priority, still,
in a suit to foreclose the lien of a taxbill, it is neces-
sary to make one whose interest in the land is sought
to be subjected to such a lien, a party therto, and this
is unquestionably true where, as here, in the case of
the *cestui que trustent* in the deeds of trust, he is a
record owner. Perkinson v. Meredith, 158 Mo. 464;
Jaicks v. Sullivan, 128 Mo. 177; Paving Co. v. Peck,
186 Mo. 520; Corrigan v. Bell, 73 Mo. 53; City v.
Bernoudy, 43 Mo. 552; Newman v. City of St. Joseph,
126 Mo. 96; Allen v. McCabe, 93 Mo. 138; Williams v.
Hudson, 93 Mo. 524; Stafford v. Fizer, 82 Mo. 393;
Smith v. Barrett, 41 Mo. App. 460; Foeny v. Homes,
65 Mo. App. 114; Eyerman v. Scollay, 16 Mo. App.
498; St. Joseph v. Baker, 86 Mo. App. 310; 113 Mo.
App. 691. (3) Nor is it sufficient to charge the interest

of a *cestui que trust* in a deed of trust that the trustee
be made a party. Perkinson v. Meredith, supra; Jaicks
v. Sullivan, supra; Corrigan v. Bell, supra; St. Louis
v. Bernoudy, supra; Williams v. Hudson, supra; Staf-
ford v. Fizer, supra; Keating v. Craig, 73. Mo. 507;
McLaran v. Railroad 126 Mo. App. 245. (4)   (a) The
lien of any taxbill that is not entered satisfied within
two years after its maturity, unless proceedings in
law shall have been commenced to collect same within
that time and shall still be pending, shall be destroyed
and of no effect against the land charged therewith.
Art. 6, Sec. 25, Charter of St. Louis.   (b)  And where
suit is commenced wthin that period against certain
defendants and other defendants are brought in after
the expiration of two years no judgment can be ren-
dered against the latter parties   or   their   interest.
Forrey v. Holmes, 65 Mo. App. 114; Jaicks v. Sullivan,
128 Mo. 177; Smith v. Barrett, 41 Mo. App. 460; St.
Joseph ex rel. v. Baker, 113 Mo. App. 691; St. Joseph
v. Baker, 86 Mo. App. 310; Eyerman v. Scollay, supra;
Smith v. Boese, 39 Mo. App. 15; Badger L. C. v. Staley,
125 S. W. 779; Parker-Washington Company v. Kem-
per, 128 S. W. 271.   (6) The judgment bearing eight
per cent is in conflict with Sec. 7179, R. S. 1909 and er-
roneous.   Gilsonite Roofing and Paving Co. v. Asso-
ciation, 132 S. W. 657.

*Sturdevant & Sturdevant* and *Charles W. Bates*
for respondent.

(1)   Special taxes lie general taxes are created in
the exercise of the taxing power of the State, and in
no other manner.   The liens of special and general
taxes upon land are identical as to the subject to which
the lien attaches, and the scope and effect of the lien.
In both instances the lien of the tax attaches to the land
itself to the *res,* and binds all interests in the land and
is superior to all.   When the land taxed is subject to

an existing mortgage, or other incumbrance resting upon contract, the lien of the tax supersedes such incumbrance, and becomes senior thereto; and in such cases the lien of the junior lienholder is a lien only upon the equity of redemption of the owner of the land, which gives him the right to redeem and protect himself against the paramount lien of the tax. On the foreclosure of such tax lien, the owner of the land is an indispensable party to a valid judgment foreclosing his equity of redemption; the plaintiff may likewise foreclose and bar all equities of redemption of the junior incumbrancer by making him a party, also, to the foreclosure; or, if he elects, may waive the right to bar and foreclose such equity of redemption of the junior lienholder by omitting him from the suit, in which event he may redeem from the purchaser under the foreclosure of the tax lien. And when the senior tax lien is foreclosed in such manner and the land sold to satisfy such lien, the purchaser at such sale acquires a fee simple title to the land. Keating v. Craig, 73 Mo. 507; Stafford v. Fizer, 82 Mo. 393; Gitchell v. Kreidler, 84 Mo. 472; Allen v. McCabe, 93 Mo. 138. Land & Lumber Co. v. Bippins, 200 Mo. 688; Engineering & Const. Co. v. Ice Rink Co., —— S. W. ——

(2) Junior lienholders are not necessary parties to a suit foreclosing the lien of a special taxbill. Valentine v. Havener, 20 Mo. 133; Talbott v. Roe, 171 Mo. 432; Jones on Mortgages, 6 Ed., par. 1395-6; Wiltse, Mortg. Foreclosure, pp. 190 and 191; Haines v. Beach, 3 John. Ch. 459; Tug River Coal, etc. v. Brigel, 86 Fed. 818; Davis v. Trust Co., 152 U. S. 590; Corrigan v. Bell, 73 Mo. 53; Allen v. McCabe, 93 Mo. 138; Williams v. Hudson, 93 Mo. 524; 27 Cyc. 1563 and notes; Page and Jones on Taxation by Assessment, secs. 1123-1225.

(3) The right of a junior lienholder, who was not a party to the suit, foreclosing a senior lien, is a right to redeem, and that only; and this is, of course, trus as

to all bondholders and beneficiaries for whose benefit the junior lien is held. Wiltse on Mortg. Foreclosure, pp. 190, 191, par. 160; Jones on Mortg., secs. 1203, 1396, 1426; Stafford v. Fizer, 82 Mo. 393; Rothenberger v. Garrett, 224 Mo. 197; Williams v. Hudson, 93 Mo. 524; Allen v. McCabe, 93 Mo. 138; Keating v. Craig, 73 Mo. 509. (4) Under the Charter of St. Louis and adjudications thereon the owner of the property to which the lien of the taxbill attaches is a necessary party, that is, a wholly indispensable party, to a suit foreclosing such lien, and unless such owner is a party to the suit any judgment therein establishing a lien is void. Barnett, etc. v. Board of Public Schools, 61 Mo. App. 542; Perkinson v. Meredith, 158 Mo. 464; City of St. Louis v. Bernoudy, 43 Mo. 552; Jacks v. Sullivan, 128 Mo. 177. (5) On the other hand, it is equally well settled by adjudication that the beneficiary in a deed of trust, or mortgage, is not a necessary party to a suit foreclosing the lien of a special taxbill. Upon this it follows that such trustee or mortgagee is, therefore, not an owner within the meaning and purpose of that term as used in our Charter and the law making owners necessary parties to such foreclosure. City of St. Louis v. Bernoudy, 43 Mo. 552; Olmstead v. Tarsney, 69 Mo. 396; Keating v. Craig, 73 Mo. 507; Gitchell v. Kreidler, 84 Mo. 472; Allen v. McCabe, 93 Mo. 138. (6) Where the judgment rendered is for the correct amount of principal and interest due at the time of its rendition, the fact that such judgment provides that it shall bear a higher rate of interest than the law permits from the date of its rendition is not such an error as would justify reversal. The excessive interest so provided for can be remitted by plaintiff or corrected by the court and the judgment affirmed for the correct rate of interest. 3 Cyc. 434; State v. Hope, 121 Mo. 34; Kimes v. St. Louis, 85 Mo. 611; Franklin v. Haynes, 119 Mo. 566.

## ON MOTION FOR REHEARING.

R. E. ROMBAUER, Special Judge.—This is a suit on a special taxbill issued in pursuance of the Charter provisions of the city of St. Louis relating to street improvements. The suit was tried by the circuit court without the intervention of a jury, and resulted in a judgment for plaintiff in the sum of $1615.25, with interest at the rate of eight per centum per annum from date, charging the lot against which said taxbill was issued with the amount of the judgment, interest and costs, and ordering the sheriff of the city of St. Louis to sell the same to satisfy the amount thus found to be due.

From this judgment all the defendants appealed, assigning for error that the judgment was against the law and the evidence, was excessive, as far as the interest was concerned, and was erroneous because the taxbill was barred by limitation, as far as all defendants were concerned, save the Parkview Realty and Improvement Co., who had ceased to be an owner, its title having been divested prior to the trial of the case by foreclosure proceedings.

The appeal was heard at the last term of this court and resulted in a reversal of the judgment. Upon a motion for rehearing filed by respondent, some doubts were entertained by the court as to the correctness of that ruling, and in view of the grave importance of the question to the municipality as well as to individual owners of real property within the city, full argument on the motion for rehearing was ordered at the present term. One of the judges being disqualified to sit, the undersigned was, with the consent of all parties, appointed special judge.

In order to pass intelligently upon the contention of the defendants, that the judgment is erroneous, for reasons hereinabove stated, it is necessary to set out

certain provisions of the Charter of the city of St. Louis relating to street improvement.

Section 14 of article 6 levies the tax against the property benefited.

Section 24 directs the issuance of the taxbill but does not require that any one be named therein as owner.

Section 25 provides that the taxbills shall be a lien on the property charged therewith, but does not impose any personal liability on the owner. This section further provides that suit for the enforcement of the' taxbills shall be brought in the name of the contractor against the owners of the land, and that such taxbills shall be barred by limitation after two years from their maturity, unless proceedings in law shall have been commenced to collect the same within two years from their maturity.

It was a mooted question in this state at one time whether special taxes assessed against specified property for street improvements stood, as to their superior lien over prior incumbrances, upon the same footing as general taxes assessed by the state. This question has, since the trial of the cause in the lower court, been set at rest by the opinion of the Supreme Court in the case of the Morey Engineering & Construction Company against the St. Louis Artificial Ice Rink Co., 242 Mo. 241, 146 S. W. Rep. 1142, which decides that question in the affirmative. The further question, however, which is the vital question in this case—namely, whether prior incumbrancers of the property charged with the special tax lien are necessary parties to a suit brought by the contractor against the owner, not only for the purpose of subordinating their lien to the superior lien of the special taxbill, but also for the purpose of keeping alive the lien of the special taxbill for more than two years after its maturity—is a question which has not been decided by that case, and is one which must be determined by

the rules of law defining the respective rights of the holders of senior and junior incumbrances in pro-ceedings brought to foreclose the senior lien.

The Supreme Court, in the Morey Engineering case, supra, quoting from Barber v. St. Joseph, 183 Mo. 451, holds that "proceedings to enforce special taxbills, are in the nature of *proceedings in rem*, and compulsory payment of the judgment can only be made by a sale of the assessed property," and, quoting from the case of Keating v. Craig, 78 Mo. 507, further holds that the lien of a special taxbill, like the lien of general taxes, is superior to any incumbrance with which the owner may charge the land. If this be so, beneficiaries of prior incumbrances upon the land hold the same right against the lien of a special taxbill as the junior mortgagee holds against the prior mortgagee. The former is a proper party to any proceeding to enforce the superior lien by foreclosure, but he is not a neces-sary party. If not made a party, he is not confined to his right to redeem, but may attack the validity of the prior incumbrance, in any subsequent proceeding, because he had no day in court. To use a terse defini-tion of his rights, his right of entry is gone, but his right of action remains. His right to redeem *before foreclosure sale* remains intact, even if he is made a party to the foreclosure proceedings.

Having thus stated the general rules of law ap-plicable to a case stated, we shall apply them to the uncontroverted facts in this case.

The special taxbill sued upon was issued to the plaintiff July 1, 1905. At that time there were the fol-lowing *recorded* liens by deed on the property: One dated April 30, 1901, in favor of Isaac H. Orr, trustee, to secure certain notes; one dated July 1, 1902, to the Lincoln Trust Company, to secure certain *bonds;* and one dated August 1, 1902, to the Lincoln Trust Com-pany, to secure certain *other bonds.*

The Parkview Realty & Improvement Company was the legal owner of the property when these two last mortgages were made and recorded, and was also the legal owner of the property when the taxbill in question was issued. On July 19, 1905, notice of the issue of this taxbill was served on the Parkview Realty & Improvement Company, and on June 26, 1907, and within two years from the maturity of said taxbill, suit was brought against the Parkview Realty & Improvement Company, Isaac H. Orr, trustee in the mortgage of April 30, 1901, and the Lincoln Trust Company, trustee in the two mortgages of July 1 and August 1, 1902. None of the beneficiaries in these mortgages were made parties defendant.

These mortgages are not set out in the abstract of the evidence of the appellant, nor does it appear that they were ever offered in evidence. The plaintiff's amended petition, however, on which the cause was tried, stated that the mortgage of July 1, 1902, of the Parkview Realty & Improvement Company to the Lincoln Trust Company, as trustee for bondholders, secured 5000 bonds, and the mortgage of August 1, 1902 between the same parties secured 2000 bonds, and that the Nina Realty Company became the purchaser of the property charged with the plaintiff's lien, on the foreclosure sale of these mortgages, subsequent to the issue to plaintiff of the taxbill in question. While these allegations are denied by the defendants' answers, they are admitted to be true in the briefs of counsel, and we have taken them to be true; otherwise, we cannot see how the defendants could have any standing in this court.

All of the defendants, except the Parkview Realty & Improvement Company, in their separate answers set up the fact that the taxbill, owing to the two years' limitation of the lien contained in section 25 of the Charter of the city of St. Louis, hereinabove set out, has become invalid. During the pendency of the

suit, the Nina Realty Company became purchaser of
the property, under foreclosure of the mortgages to
the Lincoln Trust Company, and it was made a party
defendant to the suit by amended petition on Novem-
ber 2, 1908, when more than two years had elapsed
from and after the maturity of the taxbill.

We may state at the outset that it is next to im-
possible to reconcile the various conflicting decisions
of the appellate courts in this State on the question
whether, in proceedings for enforcement of special
taxbills, incumbrancers prior in time and record are
*necessary* parties to enforce the bill against the prop-
erty. Prior to the decision in the Morey Engineering
& Construction Company case, supra, the same con-
flict existed on the question as to whether the lien of
a mortgage, prior in time and record to the issue of
a special taxbill, constituted a superior or inferior
lien on the property to the lien of a taxbill. When
that case decided that the lien of the taxbill was
superior, it necessarily decided, by analogy to the
rights of other prior and subsequent lienors, that the
incumbrancer whose lien was subordinate was not a
*necessary* party to the proceeding. This decision es-
tablishes a rule of property, which, on well-settled
principles, is binding on all courts of the State in
proceedings involving the same question. It logically
follows from the foregoing that, under the recent de-
cision of the Supreme Court, the owner against whom
the bill has been issued and who was the legal owner
at the time the lien of the taxbill attached is the only
necessary party defendant in proceedings for the en-
forcement of its lien, and if the suit is instituted
againsst him within two years after maturity of the
bill, it is sufficient to preserve the lien of the bill, al-
though parties beneficially interested in liens on the
property, prior in time, or becoming owners by the
foreclosure of such liens, may never be made parties
defendant.

There is another consideration equally potent
which leads to the same conclusion. It is a maxim of
judicial procedure, that where two conclusions are
equally admissible, in construing a law, the one should
be adopted by the court which will best carry out the
object which the lawgivers sought to reach. The term
"owner," in its restricted sense, means the legal
owner, and, in its wider sense, any person beneficially
interested in the property. The city Charter, in pro-
viding for the pay of the contractor in special taxbills,
must have used the term owner in its more restricted
sense, since, otherwise, the lien of the special taxbill,
in preference to existing liens created by deed, would
have become practically unenforceable and furnish
the contractor no security whatever. Of this, the facts
disclosed by the record in this case furnish the fairest
illustration. The two trust deeds held by the Lincoln
Trust Company, as above seen, secured seven
thousand bonds. Nothing to the contrary appearing
in the record, we must assume that these bonds, as all
other bonds of a similar character, were negotiable
by delivery, and may have been negotiated to seven
thousand different persons, each of whom, under the
rule well established in this State, would have become a
*pro tanto* beneficial owner in the property charged by
the tax lien and, under the defendants' contention of
the proper construction of the law, a necessary party
defendant to the foreclosure of plaintiff's tax lien. Yet
the plaintiff could not have ascertained by the greatest
diligence the name of such parties, since the law re-
quires no registry of these transfers. On the other
hand, the contractor's claim is based upon records
accessible to all interested in the property, from its
inception to the date of the issue of the taxbill. The
work performed by him is bound to be performed in
the immediate vicinity of the property to be charged
with the tax lien, and there is nothing to prevent those

beneficially interested from informing themselves of its character and extent.

The law puts the *onus* on the contractor to ascertain who is the legal owner of the property benefited when the taxbill against it is issued, and who, hence, is a necessary party to a suit for its enforcement against the property. Prima facie, the owner of record is the legal owner, unless the contractor is aware of an unrecorded conveyance changing the ownership. [Vance v. Corrigan, 78 Mo. 94.] The exception to this rule is ownership by descent, because the contractor can always ascertain, by reasonable inquiry, whether the apparent record owner is living or dead, and if dead who his heirs are. The case of Jaicks v. Sullivan, 128 Mo. l. c. 186, 30 S. W. 890, furnishes an apt illustration. In that case Richard L. Sullivan was sued as owner four years after his death. The plaintiff sought to amend his petition by bringing in his widow and heirs after the two-year limitation had barred the taxbill. The Supreme Court held that the lien of the taxbill had expired, because the suit against a dead man could not be considered the institution of a suit against the owner, on any principle.

The point has been made upon the argument that the taxbill is, under the Charter, prima facie evidence only against the owner, and hence if the other defendants, other than the Parkview Realty Company, were not owners within the purview of the Charter provisions, no judgment could be rendered affecting their interests, upon the evidence of the taxbill alone. That objection is not sustained by the record, which shows that the plaintiff offered in evidence the ordinance and contract under which work was done, and proved by its general manager that the plaintiff had performed the work called for by the contract.

The foregoing considerations lead to the conclusion that the judgment of the court was correct, and should be affirmed, unless the defendants' con-

tention, that it is excessive in interest, is borne out by the record proper.

An argument was pressed upon us that the judgment is excessive, as far as part of the interest is concerned. It suffices to say, in disposing of this objection, that the judgment is not challenged on that ground by the motion for new trial.

Section 7179 of the Revised Statutes provides that creditors shall receive interest at the rate of six per cent per annum, when no other rate *is agreed upon* for all moneys after they become due, and demand of payment is made. Section 7181 provides that all judgments for money shall bear six per cent interest per annum until satisfaction be made by payment, and that judgments upon contracts bearing more than six per cent interest shall bear the same interest as borne by such contracts. The eight per cent interest which the Charter provides, if default be made in the payment of a taxbill, is penal interest and not one provided by contract, hence the judgment in this case, as far as it recites that the judgment rendered shall bear eight per cent interest, is excessive to that extent. This error appears by the record entry of the judgment and we are bound to take cognizance of it although the defendants' motion for new trial does not complain of it, because the judgment, to that extent, is a judgment against the law.

It is therefore ordered that the motion for rehearing be sustained, and that so much of the judgment entry as contains the words "with interest at the rate of eight per cent per annum from the date of judgment until paid" be stricken from the record, and that the judgment as thus amended be affirmed, and that the cause be remanded to the trial court to enter up judgment in conformity with this opinion.

*Reynolds, P. J.*, concurs, *Caulfield, J.*, not sitting. *Nortoni, J.*, dissents in a separate opinion and asks that the case be certified to the Supreme Court, deem-

ing the majority opinion in conflict with decisions of
the Supreme Court and the Kansas City Court of
Appeals referred to in his opinion.

It is accordingly ordered by the court that this
case be certified to the Supreme Court.

## DISSENTING OPINION.

NORTONI, J.—This is a suit on a special taxbill
issued in accordance with the Charter provisions of
the city of St. Louis, in compensation for street im-
provement. Plaintiff prevailed in the suit, and the
court gave judgment establishing the lien of the tax-
bill against the lot of defendant Nina Realty Com-
pany in the amount of $1600.23, and interest thereon.

There are several defendants, and all of them
appeal from this judgment, but the Nina Realty Com-
pany alone, as owner of the lot on which the lien is
enforced, is the substantial party in interest. The
other defendants are prior owners of the property and
trustees in certain deeds of trust thereon, and it will
be unnecessary to set them forth here, as they are
without any beneficial interest in the property and the
judgment is in no sense a personal one against them.
At the time the judgment was entered, the lot on
which the lien of the taxbill is sought to be established
was owned by defendant Nina Realty Company, who
succeeded to the title of the Parkview Realty & Im-
provement Company by virtue of the foreclosure of
certain deeds of trust thereon, under which the Nina
Realty Company purchased.

The lot of ground involved is parcel of City
Block No. 3878, fronting 405.17 feet on Union boule-
vard in the city of St. Louis. Plaintiff contractor
reconstructed Union boulevard adjacent thereto, in
accordance with an ordinance of and under a contract
with the city of St. Louis, to that end. At the time
of the improvement and the issue of the taxbill there-

for, the lot was owned by the Parkview Realty & Improvement Company, a corporation, subject, however, to two deeds of trust then outstanding thereon. The first of these deeds of trust was executed on July 1, 1902 by the Parkview Realty & Improvement Company, owner, to the Lincoln Trust Company, trustee, to secure certain bonds. The second of such deeds of trust was executed on August 1, 1902 to the Lincoln Trust Company, trustee, to secure certain other bonds, and both of such deeds were duly recorded about the time of their execution. While these deeds of trust were in force and the indebtedness evinced by the bonds therein described was subsisting and unpaid, the city provided by ordinance for the reconstruction of Union boulevard. This ordinance appears to have been passed in February, 1903, and the contract for such reconstruction work was duly let thereunder to plaintiff. Plaintiff performed the work in accordance with the ordinance and contract, and on July 1, 1905 the taxbill sued on was issued to him therefor. Thereafter, on July 19, 1905, notice of the issuance of the taxbill was duly served by the city marshal on the defendant, Parkview Realty & Improvement Company, owner of the fee, but on no other defendant. As originally issued, the taxbill was payable in installments, but upon the failure of the owner of the property to pay the first installment when due, plaintiff exercised its option under the city Charter and declared all installments thereof due and payable. Under the provision of the Charter, the first installment of the taxbill became due thirty days after notice thereof was served on the owner—that is, on August 19, 1905—and subsequent installments became due immediately, likewise, because of the owner's failure to pay the first installment. Thereafter, on June 20, 1907, and within two years from the maturity of the taxbill, August 19, 1905, plaintiff instituted this suit, to the end of establishing and enforcing the lien there-

of against defendant Parkview Realty & Improvement Company, owner, and the trustee in the two deeds of trust, but omitted to make the beneficiaries in such deeds of trust parties thereto. Subsequently and after the expiration of more than two years from maturity of the taxbill, the property was sold at trustee's sale under the two deeds of trust above mentioned, and the Nina Realty Company became the purchaser thereof. Such sales under the two deeds of trust were had on November 2, 1908, and it was on that day the Nina Realty Company succeeded to the title of the prior owner, Parkview Realty & Improvement Company, through its purchase at the trustee's sale. The Nina Realty Company, having thus become owner of the fee during the pendency of the suit, was made a party defendant thereto on November 20, 1908. By filing an amended petition on that date, plaintiff set forth the trustee's sales and the fact that the Nina Realty Company had purchased the lot thereunder, made that company a defendant, and prayed that its interests as owner of the property should be subject to the lien of the taxbill in suit.

Among other things, Section 25, Art. VI, of the city Charter provides the lien of any taxbill that is not entered satisfied within two years after its maturity, unless proceedings in law shall have been commenced to collect the same within that time and shall still be pending, shall be destroyed and of no effect against the land charged therewith. In view of this provision of the Charter, the defendant Nina Realty Company interposed its answer to the effect that the lien of the taxbill had expired and was unenforceable against its interests in the property, for the reason that no suit had been instituted thereon within two years after maturity of the bill against the beneficiaries in the deed of trust under which it purchased. Though the Parkview Realty & Improvement Company, owner at the time, was sued within the two-

year period, the case concedes that the beneficiaries in the two deeds of trust under which defendant Nina Realty Company purchased were not made parties thereto at any time. Indeed, the first move made toward bringing the interests of the beneficiaries before the court was the amended petition filed on November 20, 1908, adding the Nina Realty Company, who succeeded to their rights, as a defendant, and this was long after the expiration of the two-year period prescribed in the Charter, for that period commenced to run when the taxbill matured, on August 19, 1905, and terminated August 19, 1907. Notwithstanding all of this, the court gave judgment for plaintiff, establishing and enforcing the lien of the taxbill against the lot of of ground described and the interests of both the Parkview Realty & Improvement Company and the Nina Realty Company therein, as though it were unnecessary to include the beneficiaries in the deeds of trust in a suit for the enforcement of the taxbill within the two-year period prescribed, to charge them or their successors as owners of the property with the consequences of the lien.

Obviously, error lies in this judgment, for it involves and affirms the idea that one's rights may be concluded as though a valid claim existed against him or his property without having his day in court until long after such claim had become extinguished of its own force. By Section 25, Art. VI of the Charter, it is provided the taxbill shall become a lien upon the property charged therein and may be collected of the owner of the land and in the name of and by the contractor, as any other claim, in any court of competent jurisdiction. From this, it appears that the lien is to be enforced against the land in the name of the owner thereof and, by subsequent provision of the same section, the lien of the taxbill, it is declared, "shall be destroyed and of no effect against the land charged therewith," unless proceedings shall have

been commenced to collect the same within two years from the maturity of the bill and still be pending. Therefore, the proceedings must be commenced on the taxbill and against the owner of the land within such two-year period in order to preserve and establish the lien, or, otherwise, it is destroyed and extinguished perforce of the very words that gave it life. The authorities are abundant and of one accord to the effect that the suit must be instituted against the owner within the two-year period prescribed, as will appear by reference to the following cases: The case of Eyermann v. Scollay, 16 Mo. App. 498, declares and affirms the rule under the St. Louis Charter; and the following are to the same effect with respect to the Charter of Kansas City: Smith v. Barrett, 41 Mo. App. 460; Jaicks v. Sullivan, 128 Mo. 177, 30 S. W. 890; Smith v. Boese, 39 Mo. App. 15; Forrey v. Holmes, 65 Mo. App. 114; Parker-Washington v. Kemper, 143 Mo. App. 244, 128 S. W. 271. For rulings to the same effect under the St. Joseph Charter, see St. Joseph v. Baker, 86 Mo. App. 310; St. Joseph v. Baker, 113 Mo. App. 691, 88 S. W. 1122. The doctrine declared by all of the cases is, that the two-year period prescribed after which the lien is to terminate, is not a mere statute of repose to bar actions, but is rather a limit to the existence of the lien and, therefore, unless the suit is instituted against the owner within that time, such lien expires and it may not be revived and enforced against the interests of the owner in the land. [Smith v. Barrett, 41 Mo. App. 460.]

But, it is said, though such be true, the present suit was instituted against the Parkview Realty & Improvement Company, owner, within the two-year period, and that will suffice to establish the lien against the derivative title of the Nina Realty Company, though the beneficiaries in the deeds of trust were not made parties; for, it is said, such beneficiaries possess nothing more, as against this plaintiff lienor,

than the right to redeem therefrom. There can be no doubt that the lien of a subsequent special taxbill duly established prevails over the lien of a prior mortgage or deed of trust and becomes senior thereto. Such is the effect of the recent decision of the Supreme Court in Morey Engineering, etc. Co. v. St. Louis Artificial Ice, etc. Co., 242 Mo. 241, 146 S. W. 1142. This is undoubtedly the rule where both the owner of the land and the beneficiaries in the mortgage are made parties to the suit prior to the expiration of the lien, for, in the case last above cited, all parties in interest were before the court. See, also, to the same effect, Keating v. Craig, 73 Mo. 507, where both the owner and the mortgagee were parties to the suit to enforce the lien of the taxbill. But though it be the rule that the lien of the subsequent taxbill becomes senior to the lien of the prior mortgage, which is remitted to the position of a junior lien, when all parties in interest are before the court, it is the rule, too, that the rights of the beneficiaries in the mortgage are not concluded by the judgment unless they are made parties to the suit. For a judgment to this effect on a taxbill, see Forrey v. Holmes, 65 Mo. App. 114. As to such beneficiaries who have been omitted from the suit to foreclose the State's lien for taxes, the Supreme Court has, in a number of cases, affirmed that, though title passed by the execution sale, their right to redeem was still available, as will appear by reference to Stafford v. Fizer, 82 Mo. 393; Gitchell v. Kreidler, 84 Mo. 472; Corrigan v. Bell, 73 Mo. 53; Allen v. McCabe, 93 Mo. 138, 6 S. W. 62.

Considering the thought reflected throughout all of these authorities, it is obvious that the beneficiary in the deed of trust or mortgage is required to be made a party to the suit, for the reason that he is an owner, within the sense of that term as employed in the Charter provision and as employed in the statute

with respect to general taxes levied in behalf of the State. Some of the cases put the rule expressly on the ground that the beneficiary is an owner. [See Stafford v. Fizer, 82 Mo. 393; Gitchell v. Kreidler, 84 Mo. 472.] Furthermore, the Supreme Court, in the recent case of Morey Engineering, etc. Co. v. St. Louis Artificial Ice, etc. Co., 242 Mo. 241, 146 S. W. 1142, in construing the St. Louis Charter, declared the beneficiary in the deed of trust an owner within the sense of that term, to the end of raising the lien of the taxbill from the position of the junior, where it otherwise lay, to that of senior lien over a mortgage prior thereto in point of time. To the end of evincing that the Charter contemplated the lien of the taxbill should prevail over the rights of a prior mortgage, the Supreme Court quoted from section 25 of the Charter as follows: "Said taxbills shall be and become a lien upon the property charged therewith, and may be collected of the owner of the land and in the name of and by the contractor as any other claim in any court of competent jurisdiction." Touching the words thus quoted, the court says, "Construed in the light of the case last cited, this means that the tax is a lien upon the property, to be enforced by a proceeding *in rem* against the property. And, as ruled above, the word 'owner' includes incumbrancers." If, then, the beneficiary in the deed of trust is to be regarded as an owner of the property for the purpose of postponing the lien of his prior mortgage to the lien of the subsequent taxbill, it would seem that he should be regarded as an owner in whose favor the requirement to institute suit within the two-year period, in order to preserve the lien, obtains. On a like question the Kansas City Court of Appeals, under the Charter of that city, declared that, unless the beneficiary in the mortgage was made a party to the suit within the two-year period, the lien as to his interests

amounted to naught, or, in other words, had expired. [See Forrey v. Holmes, 65 Mo. App. 114.]

But it is argued that the junior lienor is never a necessary party to a proceeding for the enforcement of the senior lien and that a valid judgment may be had against the *res*, enforcing the lien, though the junior lienor is not a party, but subject, however, to his right to redeem. The argument is obviously sound in those cases where the lien is a continuing one and so comprehensive by the terms of the statutes as to include all interest in the land in whosoever name it may be. The cases of Stafford v. Fizer, 82 Mo. 393; Gitchell v. Kreidler, 84 Mo. 472; Allen v. McCabe, 93 Mo. 138, 6 S. W. 62, and numerous other authorities declare the rule where the lien of the State for taxes has been enforced. In the argument advancing this proposition it is said the junior lienor, the holder of the mortgage here, at best has a lien only on the equity of redemption, or a right to redeem from the prior lien of the taxbill, and that this continues and may be availed of to the very day of sale under the tax judgment; that though defendant Nina Realty Company was not made a party until after the two years had expired, and the beneficiaries in the mortgages, to whose rights it succeeded, were never made parties at all, its right to redeem is still open and this defendant has been given its day in court with respect thereto, for it may redeem even after the judgment is affirmed and at any time before the property is sold in execution thereunder. Obviously this argument assumes a subsisting lien against the interests of the Nina Realty Company from which a redemption may be made. If the lien continued to exist as in the tax cases, and obtained upon the realty without regard to the ownership, the argument would be persuasive, indeed. But here, the lien of the taxbill expired before it was ever asserted, as the Charter requires, against the beneficiaries in the mortgages, or

the Nina Realty Company, which succeeded to their rights, and, furthermore, the lien of the taxbill does not obtain against the land without regard to the ownership.

The general taxes in favor of the State are declared by section 11385, Revised Statutes 1909, to obtain against the land "no matter who is the owner nor in whose name it was assessed." And the lien with respect to such taxes obtains accordingly there —that is, on every interest in the land. It is true that the owner of the land must be made a party to the tax suit for the purpose of enforcing the lien of the State, to the end .of conferring the jurisdiction over the *res*, but the tax itself is affixed against the land as a matter of law without regard to the owner thereof. Such is not true as to a taxbill representing special assessments as for benefits because of improvements made, for unless the improvements are made, no tax can obtain, and that such improvements were made is a fact to be proved as a basis for the lien. Special taxbills become a lien upon the property and may be collected of the owner of the land, it is true; but, to this end, proof is required against the interest of the owner as a condition precedent to affixing the lien upon his interest in the land. This proof, according to section 25 of the Charter, may be made by the taxbill itself, which is sufficient prima facie evidence "of the liability of the person therein named as the owner of the land charged with such bill to pay the same." The taxbill here involved names the Parkview Realty & Improvement Company as the owner of the land and in no way refers to the beneficiaries in the mortgages. Obviously, then, the bill itself is sufficient to evince the right of a lien against only the Parkview Realty & Improvement Company. In the sense of the Charter, as before pointed out, the beneficiaries in the mortgages are regarded as owners of the property, too, and it is essential, when others than those named in

the taxbill appear to be owners, that proof *aliunde* the bill be made, in order to affect the rights of such owners not named therein. [See Farrell v. Rammelkamp, 64 Mo. App. 425; McCormick v. Clopton, 150 Mo. App. 129, 130 S. W. 122.]

That the taxbill is not prima facie evidence of the right to the lien against a mortgagee not named therein has been expressly decided, as will appear by reference to Kansas City to the use, etc. v. American Surety Co., 71 Mo. App. 315. Obviously the Charter intends that every person interested as owner in the property sought to be subjected to the lien of the taxbill shall have a right to defend against the assertion of such lien, and most assuredly the assertion of the lien should be made while the right to it continues to exist and not after it dies, for then defense would be unnecessary. From these considerations alone, it would seem that the rule which prevails as to the right of the junior incumbrancer to redeem from the general tax lien and, except for that, a judgment to which he is not a party concludes him, is without force here, for unless this lien is established by evidence *aliunde* the taxbill, no lien whatever obtains against the rights of such owner as the Nina Realty Company, whereas in the case of the lien for general taxes it comprehends the whole estate and every interest in the land, without regard to the matter of ownership whatever, and obtains against both prior and subsequent incumbrancers at all hazards. In the case of the special taxbill, the lien obtains against the owners and their interests in the land only by virtue of its being established against their interest in the land by proof, and not because it comprehends such interests whether or no, as a matter of law. Unless the lien is asserted within the two-year period and subsequently established, there is naught from which redemption should be made.

It seems to me the opinion of the court in this case overlooks the fact that there is no lien here until established, and treats the matter as though there were a subsisting lien as in the case of general taxes or in the case of a mortgage, both of which liens obtain without any proof whatever. In this cause, instead of there being a lien upon the land, there exists only a right to establish a lien which attaches provided competent proof is made against the owner within two years. If the mortgagee is an owner, as declared in Morey Engineering & Construction Co. v. St. Louis Artificial Ice Rink Co., 242 Mo. 241, 146 S. W. 1142, then such mortgagee should be sued within the two years limitation prescribed by the Charter in favor of an owner.

For the reasons given above, I respectfully dissent. I deem the judgment of the court to be in conflict with that of the Supreme Court in the case last cited, in that it denies to the mortgagee the right of an owner to be sued within two years, as prescribed by the Charter. Furthermore, the judgment of the court in this case is in conflict with the judgment of the Kansas City Court of Appeals in the case of Forrey v. Holmes et al., 65 Mo. App. 114, which is directly in point to the effect that unless the mortgagee is sued within two years the right to establish a lien against his interests expires.

Because I deem the judgment to be in conflict with that given in the two cases last above cited, I request that the cause be certified to the Supreme Court for final determination.