## GRANITE BITUMINOUS PAVING COMPANY, Respondent, v. PARKVIEW REALTY & IMPROVEMENT COMPANY et al., Appellants.

### No. 12561.

#### St. Louis Court of Appeals, December 3, 1912.

Granite Bituminous Paving Company v. Parkview Realty and Improvement Company et al. (No. 12563), *ante,* followed. NORTONI, J., dissents.

Appeal from St. Louis Circuit Court.—*Hon. Eugene McQuillin,* Judge.

JUDGMENT MODIFIED AND AFFIRMED AND CAUSE REMANDED (*with directions*).

Cause certified to Supreme Court.

*Bland & Cave* and *Carter, Collins, Jones & Barker* for appellants.

*Sturdevant & Sturdevant* and *Charles W. Bates* for respondent.

### ON MOTION FOR REHEARING.

R. E. ROMBAUER, Special Judge.—The record in this cause is identical with the one in 12,563, except the amount sued for and the property sought to be charged with the lien of the special taxbill.

It is therefore ordered that the motion for rehearing be sustained, that the record entry of the judgment be amended, as is ordered to be done in cause 12,563, and as thus amended be affirmed, and that the cause be remanded to the trial court for further proceedings. In this disposition of the case *Reynolds, P. J.,* concurs. *Caulfield, J.,* not sitting. *Nortoni, J.,* dissents for the reason stated in his dissenting opinion in cause No. 12,563. The cause is therefore certified to the Supreme Court for final determination.

## DISSENTING OPINION.

NORTONI, J.—As the judgment of the court in this case involves the identical question and determines it in the same way as that involved in the case of Granite Bituminous Paving Company v. Parkview Realty & Improvement Company et al., (No. 12,563), between the same parties and decided today (168 Mo. App. 468, 151 S. W. 479), I respectfully dissent therefrom for the reasons given in the dissenting opinion filed in the case last mentioned. I deem the judgment of the court in this case to be in conflict with the judgment of the Kansas City Court of Appeals in the case of Forrey v. Holmes, 65 Mo. App. 114 and also with the judgment of the Supreme Court in the case of Morey Engineering & Construction Co. v. St. Louis Artificial Ice Rink Co., 242 Mo. 241, 146 S. W. 1142. and therefore request that the cause be certified to the Supreme Court for final determination, as provided in the Constitution.