GRANITE BITUMINOUS PAVING COMPANY, Respondent, v. PARKVIEW REALTY & IMPROVEMENT COMPANY et al., Appellants.

#### No. 12562.

#### St. Louis Court of Appeals, December 3, 1912.

1. **SPECIAL TAXBILLS: Defenses: Nonconformity to Requirements of Charter of St. Louis: Burden of Proof.** In a suit to enforce a special taxbill for street improvements, issued pursuant to the Charter of the city of St. Louis, the *onus* of establishing allegations in the answer, that the taxbill was void, for the reason that, although the tract of land, of which the land involved in the suit formed a part, had not been subdivided, it was arbitrarily divided into lots for the purpose of making the assessment, contrary to the Charter provisions, and separate taxbills were issued against such lots, rested on defendant.

2. ———: ———: ———: **Sufficiency of Evidence.** In a suit to enforce a special taxbill for street improvements, issued pursuant to the Charter of the city of St. Louis, *held* that a defense pleaded, that the taxbill was void, for the reason that, although the tract of land, of which the land involved in the suit formed a part, had not been subdivided, it was arbitrarily divided into lots, for the purpose of making the assessments, contrary to the Charter provisions, and separate taxbills were issued against such lots, was not sustained by the evidence.

   [NORTONI, J., dissents solely on the ground stated by him in his dissenting opinion in Granite Bituminous Paving Company v. Parkview Realty and Improvement Company et al. (No. 12563), *ante*; the same questions being involved in this case.]

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin,* Judge.

JUDGMENT MODIFIED AND AFFIRMED AND CAUSE REMANDED (*with directions*).

CAUSE CERTIFIED TO SUPREME COURT.

*Bland & Cave* and *Carter, Collins, Jones & Barker* for appellants.

The two taxbills, Nos. 3655 and 3648, sued on in cases numbers 12561 and 12562, issued against one lot are void. Sec. 14, art. 6, Charter of St. Louis.

*Sturdevant & Sturdevant* and *Charles W. Bates* for respondent.

Where the amount assessed against a tract of ground is correct the taxbills issued thereon are not void because two bills are issued, when the entire assessment on the particular tract might have been included in one bill. If the amount of the tax is correct the owner suffers no injury by reason of the two bills. Whittemore v. Sills, 76 Mo. App. 257.

## ON MOTION FOR REHEARING.

R. E. ROMBAUER, Special Judge.—The record in this case is substantially the same as the record in cause No. 12,563, except touching certain matters hereinafter stated.

The taxbill was issued against the Parkview Realty and Improvement Company, the assessment amounting to $1015.16. The appellants, however, assign an additional error to those assigned in cause No. 12,563. Their answers state among other things:

"That said tract of land is used by this defendant as one lot, is fenced as one lot, tract or parcel of ground and has not been in any way subdivided

either in fact or as shown by any recorded plats of additions or subdivisions to the city of St. Louis, and constitutes but one lot within the meaning of section 14 of article VI of the Charter of the city of St. Louis; that the assessment district for the improvement of Union avenue, for which the taxbill sued on was issued, extended at this point 1535 feet west of Union avenue and included the said tract of land for that distance west of Union avenue, and that under the provisions of section 14 of article VI of the Charter of the city of St. Louis all that portion of said tract of land lying and being within the said assessment district should have been assessed as one lot, in the proportion that its area bore to the area of the entire district, and one taxbill only should have been issued against the whole of such portion of said tract for such assessment; but that in fact, in making said assessment, the portion of said tract of ground within the assessment district was, arbitrarily and in violation and in contravention of the provisions of said section 14 of article VI, divided into two lots, one including said tract for 1140 feet west of Union avenue, and the other including the remainder of said tract within said district, and was assessed as two lots and two separate and distinct taxbills issued against it and two suits brought against this defendant on said two taxbills; that taxbill No. 3655, the bill here sued on, is one of the said two improperly issued taxbills, and taxbill No. 3648 on which a similar suit is now pending in Division No. 8 being cause No. 46,627 in said division, is the other, and that for the reasons aforesaid said taxbill No. 3655 here sued on is void.''

This new matter in the answer was denied by plaintiff's reply, and put the *onus* of establishing it by evidence upon the defendants, but the defendants offerred no legal evidence to substantiate it.

Special taxbill No. 3648, referred to in defendants' answer, was not offered in evidence by defendants nor

were the files in cause No. 46,627, referred to in defendants' answer, offered in evidence. The only testimony bearing on that subject is the testimony of Joseph Pasquier, an employee in the street department of the city of St. Louis, who testified on his cross-examination, and being recalled by the defendants, that two taxbills were issued against the property of the Parkview Realty & Improvement Company, one for a frontage of 1140 feet, and the other for a frontage of 395 feet; that these two parcels were at that time divided by the proposed center line of Belt avenue (since opened), and were in different blocks of the city of St. Louis as established by the street department.

Since the Charter makes the special taxbill prima facie evidence of a proper assessment, we cannot put the trial court in error for upholding its validity against defendants' contention that one taxbill only should have been issued, covering the entire frontage of 1535 feet.

The record also fails to show any objection on the part of defendants to the introduction of the special taxbill in evidence, because the objection contained at the bottom of page 26 of appellants' abstract is confined to the irrelevancy of certain deeds as evidence.

We have gone thus fully into this matter, since, in the foregoing discussion of the subject and the conclusion arrived at, all the members of the court agree.

The same error appears by the record in making the judgment bear eight per cent interest until paid, as in case 12,563.

It is therefore ordered that the motion for rehearing be sustained, and that so much of the judgment entry as contains the words "with interest thereon at the rate of eight per centum per annum from the date of this judgment until paid" be stricken from the record, and that the judgment as thus amended be affirmed, and that the cause be remanded to the trial

court to proceed in conformity with this opinion. *Reynolds, P. J.,* concurs; *Nortoni, J.,* concurs in those parts of the opinion which uphold the validity of the taxbill *when issued,* but holds the same is barred by limitation. *Caulfield, J.,* not sitting.

In conformity with the order made in cause No. 12,563, the cause is certified to the Supreme Court for final determination.

### DISSENTING OPINION.

NORTONI, J.—As the judgment of the court in this case involves the identical question and determines it in the same way as that involved in the case of Granite Bituminous Paving Company v. Parkview Realty and Improvement Company et al. (No. 12,563), between the same parties and decided today (168 Mo. App. 468, 151 S. W. 479), I respectfully dissent from the conclusion on that question alone, for the reasons given in the dissenting opinion filed in the case last mentioned. I deem the judgment of the court in this case to be in conflict with the judgment of the Kansas City Court of Appeals in the case of Forrey v. Holmes et al., 65 Mo. App. 114 and also with the judgment of the Supreme Court in the case of Morey Engineering & Construction Co. v. St. Louis Artificial Ice Rink Co., 242 Mo. 241, 146 S. W. 1142, and therefore request that the cause be certified to the Supreme Court for final determination, as provided in the Constitution.