Gitchell v. Kreidler.

GITCHELL v. KREIDLER, *Appellant.*

1. **Tax Lien, Superiority of.** A lien on land for taxes, although junior to one created by deed of trust executed by the owner, is the superior lien.

2. **Ejectment.** A title derived from a judgment to enforce said lien for taxes will prevail in ejectment over one derived from a foreclosure of such deed of trust, although the *cestui que trust* was not made a party to the tax suit and his rights in the land for that reason were not foreclosed by such tax suit.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*J. M. Holmes* for appellant.

(1)   No interest in the land is affected save that of the persons who were parties to the record.   *Stafford v. Fizer*, 82 Mo. 393; *Corrigan v. Bell*, 73 Mo. 53; *Valentine v. Havenor*, 20 Mo. 133.   (2)   The tax proceeding is not a proceeding *in rem.*   Conkling's Treatise, pp. 306, 379; *Mankin v. Chandler*, 2 Brock. 125; Blackwell on Tax Titles (4 Ed.) 631; *Hopper v. Malleson*, 16 N. J. Eq. 382; *Doyle v. Bk.*, 14 Ala. 622.   (3)   The statute requiring that the owner shall be sued requires the joiner of all mortgagees and *cestuis que trustent.   Stafford v. Fizer, supra; Corrigan v. Bell, supra.*   (4)   The term owner is not a technical term, nor has it any precise legal meaning, but it includes every one who has any interest in the premises.   *Lester v. Lobby*, 7 Ad. and El. 124; *Proctor v. H. & St. Jo. R. R.*, 64 Mo. 113; *U. S. v. Villalonga*, 23 Wall. 40; *Shaff v. Improvement Co.*, 57 N. H. 110; *Camp v. Rogers*, 44 Conn. 291; 22 Wall. 263; 10 Wall. 464; 2 Ohio St. 14; 2 Ohio St. 123.   (5)   A mortgagee or *cestui que trust* after condition broken is owner of the premises.   Washburn on Real Prop. ch. 16, § 4, sec. 7 *a*; *Renick v. Gressman*, 49 Mo. 389; *Jones v. Mack*, 53 Mo. 147; *Pickett v. Jones*, 63 Mo. 195; *Johnson v. Houston*, 47 Mo. 227.   (6)   The title of the trustee was not affected by the tax sale.   *Whitney v. Hughes*, 39 Mo. 13; *Graham v. King*, 50 Mo. 22; *Bales v. Perry*, 51 Mo. 449; *Harper v. Mansfield*, 58 Mo. 17; *Eilelgearge v. Buddings*, 69 Mo. 52; *Corrigan v. Bell*, 73 Mo. 53; *Stafford v. Fizer, supra;* Statutes 1879, sec. 3311.   (7)   Defendant was at liberty to show that plaintiff's title had expired before the trial of the suit. Statutes, 1879, sec. 2253.   (8)   The attornment of Kreidler to the purchaser at the foreclosure sale terminated his previous tenancy and was legal and proper.   *Pentz v. Kuester*, 41 Mo. 447; *Kingman v. Abingdon*, 56 Mo. 46; *May v. Luckett*, 54 Mo. 437.

*Hermann & Reyburn* for respondent.

(1) In a suit for back taxes the only necessary party is the owner of the property. 2 Revised Statutes of Mo. sec. 6837. (2) The owner of real estate is either the mortgageor, or the trustee in the deed of trust. The beneficiary, or holder of the notes, is simply the owner of a chattel, and in no sense the owner of the land. *Kennett v. Plummer*, 28 Mo. 142; *Johnson v. Houston,* 47 Mo. 227; *Potter v. McDowell*, 43 Mo. 93; *Hubbard v. Gilpin*, 57 Mo. 445; *Woods v. Hildebrand*, 46 Mo. 287 ; *Please v. Pilot Knob Iron Co.*, 49 Mo. 124. (3) An action for the enforcement of the state's lien for taxes, under the present revenue act, is a proceeding *in rem,* or, *quasi in rem;* and, when the parties designated by the statute are properly brought before the court, a sale under that judgment conveys the fee, divested of all encumbrances placed on the property by the former owner. 2 R. S., Mo., secs. 6838, 6839; Blackwell on Tax Titles (4 Ed.) p. 630; *Delaney v. Gault*, 30 Pa. St. 63; *Pidgeon v. State*, 36 Ill. 251; *Atkins v. Hinman,* 2 Gillman (Ill.) 437; *Fager v. Campbell*, 5 Watts 288; *Dunlap v. Gallatin County*, 15 Ill. 9; *Parker v. Baxter*, 2 Gray 189; *Doe v. Gledney*, 8 Georgia 479; *Jones v. Devore*, 8 Ohio St. 431; *Anschutz v. McClelland*, 5 Watts 490. (4) It is settled in this state, that the defendant in an execution, who is subsequently sued in ejectment, on a title acquired at the execution sale, cannot defend by showing an outstanding title. *Matney v. Graham*, 59 Mo. 191; *Boyd v. Jones*, 49 Mo. 202.

BLACK, J.—This was an action of ejectment. On and prior to the first of September, 1875, defendant owned the property. On that day he made a deed of trust thereon to one Bertram, trustee, to secure a principal and six interest notes, payable to Barbara Steadler, which was recorded in that month. After these notes

became due, and in October, 1878, defendant occupied the premises as tenant of Mrs. Steadler. She died and Harter became executor of her estate, the defendant paying rents to him. Thus the title and possession stood, when a suit was brought in 1879, by the state to the use of the collector of the city of St. Louis, against defendant and the trustee, Bertram, to enforce the lien of the state for taxes on the property for 1877, wherein judgment was rendered on the twenty-sixth of November, 1879. Special execution was issued thereon, and the property was sold thereunder to plaintiff the twenty-seventh of April, 1880. Harter, the executor, was not a party to this suit. Bertram, the trustee, refused to act and another person was appointed in his stead, who sold the property under the deed of trust, on the sixth of December, 1880, to Holmes, to whom the defendant attorned.

It is useless to cite authorities to show that the lien of the state for these unpaid taxes is the paramount lien, though such lien be junior in point of time at which it accrued. This is the plain purport of the revenue laws of this state.

Should the executor of the estate of Mrs. Steadler have been made a party defendant, and if so what is the effect of the omission? These questions were considered in the case of *Corrigan v. Bell*, 73 Mo. 53, but as the charter there made express provisions as to who should be made defendants, that case is not decisive of this, since the general revenue law makes no such definite provisions. It does, however, declare that these suits to enforce the lien of the state shall be prosecuted against the "owner" of the property; that notice and process shall be sued out and served as in civil actions in the circuit courts; that publications are to be made as in other civil suits; and that "the general laws of the state as to practice and procedure in civil cases shall apply, so far as applicable and not contrary to this chap-

ter." While the judgment is against the property and not personal, still the tax is assessed against the owner, if known. The law looks to him for payment of the tax. The suit to enforce the lien is the last step contemplated by the statute, and to this suit he is a necessary party. Such a proceeding cannot be said to be strictly *in rem*. Blackwell on Tax Tit. (4 Ed.) 630. There is nothing in the statute which indicates a purpose to cut off the rights of a beneficiary in a deed of trust, as mortgagee, without notice or day in court. While the word "owner" has no precise legal signification and may be applied to any defined interest in or to real estate, still we need not base our conclusions on that ground alone. In view of what has been said, and of the general terms in which the practice and procedure in these cases is pointed out, it would seem to follow that these suits are to be commenced and prosecuted in the ordinary way of enforcing liens against real property. To be required to make mortgagees and persons occupying like relations to the property, defendants will, it is insisted, produce great inconvenience to collectors, and make these proceedings cumbersome and difficult. A sufficient answer is that the law provides for legal assistance, whose fees are taxed as costs in the cause, and no more difficulty can be experienced in this class of cases than in suits prosecuted by other persons to enforce contract or statutory liens; this diligence the law contemplated.

On the one hand the purchaser under the deed of trust contends, that the only title acquired by the purchaser at the execution sale, was the equity of redemption, and that this was foreclosed by the sale under the deed of trust. On the other, the purchaser at the sheriff's sale insists, even should the beneficiary in the deed of trust have been made a defendant, still the only effect of this omission is to allow him and those claiming through the trustee's sale, to inquire into the regularity

of the tax suit proceedings. It is true the tax lien is statutory, and that a court of equity would have no inherent power to enforce such a lien. *People v. Biggins*, 96 Ill. 481. But it does not follow that a failure to make all persons parties defendant who are proper parties, but not really parties, must render the whole proceedings void, even as to those persons who are omitted. From what has been said it follows that the title acquired by the purchaser at the sheriff's sale, is a derivative one. But this is not all. The lien of the state thus enforced is the superior. The mortgagee certainly had the right to pay off the taxes, and under the former method of making tax sales could have redeemed within the time prescribed by the law. He has not been made a party to the tax suit and his rights in that respect have not been foreclosed; still his right and the title of the purchaser, acquired at the trustee's sale, are subordinate to the sheriff's deed. The sheriff's deed is the better title in ejectment, and must prevail. These questions were considered in *Stafford v. Fizer*, 82 Mo. 393, and this much has been said because counsel on both sides have urged a reconsideration of some of the conclusions there reached.

The judgment of the court of appeals is affirmed. All concur.