CITY OF ST. JOSEPH ex rel. ZEILDA. FORSEE, Plaintiff in Error, v. JOHN W. BAKER et. al., Defendants in Error.

### Kansas City Court of Appeals, May 22, 1905.

1. **TAXBILLS: Limitation: Amendment: New Parties.** Though an action to enforce a taxbill is brought in proper time against the wrong party it is of no avail after the expiration of the period of limitation to bring in the proper party by amendment.

2. **DEEDS: Delivery: Inserting Additional Property: Redelivery: Evidence.** Where the grantee returns the deed to a grantor to insert additional property and thereupon the grantor redates, changes the consideration, inserts additional property, acknowledges the deed and redelivers the original deed is destroyed without an intention to revest the title, and another substituted therefor, and evidence showing such facts does not contradict the deed but merely establishes the execution of the original one.

3. ———: **Changing: Evidence: Curtesy.** Evidence relating to a change in a deed is considered insufficient to show an alteration in habendum clause so as to effect the right of curtesy.

4. **TAXBILLS: Possession: Knowledge: Evidence.** It is held there was evidence showing defendant's possession and claim of title with knowledge thereof by the holder of the taxbill before suit.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson,* Judge.

AFFIRMED.

*James F. Pitt* for plaintiff in error.

(1) The foremost error in this case is allowing the deposition of Nell Adams McKinney to be read. By

this deposition it appears that John W. Baker, after he was sued and served in this case, took this same blank, which the deposition identifies, and wrote upon it over his original signature new descriptions, new dates, new considerations, and such terms as to actually change the title to the lot in controversy; and yet, in fraud of this plaintiff, in fraud of the registry act, before he had pleaded herein, and in violation of all rules applicable to written instruments, he is permitted now by parol to interpret this same instrument to have been another instrument at a more convenient season. (2) Aside from McGuire's knowledge wrongfully imputed to Mrs. Corby, there is not a particle of proof that she had any knowledge whatever of Mrs. Shull's claims, or even of the condition of the premises at the time of her suit. Hence there was nothing in the case upon which to found the theory of the defense. This first instruction is fatally defective even as an abstract proposition, since on its face it fails to tell the jury that these conditions must be brought home to Mrs. Corby's knowledge. Vaughn v. Tracy, 25 Mo. 318; Masterson v. Railway, 5 Mo. App. 70, 72 Mo. 342.

*Charles F. Strop* and *Samuel S. Shull* for defendant in error.

(1) The first assignment of error relates to the deposition of Mrs. McKinney. We deem that error assigned upon no authority and refer to the decision of this court when the case was here on former appeal (86 Mo. App. 310). All that was necessary to make this case free from error was to prove the making and delivery of the deed to Mrs. Shull of December, 1890, by a competent witness and in all things follow the decision of this court aforesaid. That this was done can not be well questioned. Under this court's decision and under the law everywhere, Mrs. McKinney's deposition was proper. (2) The second assignment of error relates to the refusal of the court to give a peremptory instruction

for plaintiff at the close of all the evidence. As Mrs. Shull was in possession under an unrecorded deed, claiming to own the lot, the jury had a right to infer from that fact that Mrs. Corby had knowledge that she was the owner of the lot. Said instruction should have been refused. (3) That the instructions for defendants were and are the law, we cite: Forse v. Baker, supra; Masterson v. Railway, 72 Mo. 342; Davis v. Briscoe, 81 Mo. 27; Freeman v. Moffitt, 119 Mo. 280; Hickman v. Green, 123 Mo. 180-196; Freeman v. Moffitt, 135 Mo. 269; Abbe v. Justus, 60 Mo. App. 304.

JOHNSON, J.—Action founded upon a special tax-bill issued against certain real estate in St. Joseph for the construction of a sewer. This is the second appeal taken by plaintiff. On the former occasion we reversed and remanded the cause for error in the admission of evidence. [86 Mo. App. 310.] In view of the probability of a retrial we announced the law controlling the case. No reason appears for re-examination of the questions then decided, and our consideration now will be confined to points raised for the first time upon the present appeal. [Leicher v. Keeney, 110 Mo. App. 292, 85 S. W. 920.]

The action originally was brought against defendant Baker alone. After the expiration of the limitation period of two years for bringing actions on such bills, plaintiff filed an amended petition making other parties defendants, among whom were Ivanora Baker Shull and her husband, Samuel S. Shull. The points in contention evolve from the claim of title made by Mrs. Shull to the property against which the bill was issued. It is asserted by her, and denied by plaintiff, that on December 17, 1890, about two years before the tax-bill was issued, defendant Baker and his wife, her parents, executed and delivered to her their deed conveying the property here involved, and that this deed, unacknowledged, was not recorded but held by her until December, 1895,

when it was returned to her father, not for the purpose of revesting title but for the insertion therein of other property he desired to convey to her. The date and consideration of the deed were then changed and the description of the property enlarged to meet the wishes of the parties, after which the deed was acknowledged, delivered and filed for record. Further, it is claimed that Mrs. Shull entered into possession of the premises immediately after the delivery of the 1890 deed; remained therein continuously thereafter, and that the facts of her ownership and possession were known to the holder of the taxbill at and before the bringing of this suit. As the action was not brought against the real owner of the property within the time fixed by law, the plea of limitation is the defense interposed by Mrs. Shull. We held that if the suit should have been brought against her it will not avail plaintiff that it was brought against Baker within the period of limitation and Mrs. Shull brought in by amendment after that period had expired, following Smith v. Barrett, 41 Mo. App. 460 and Jaicks v. Sullivan, 128 Mo. 187.

A witness to the deed of 1890 to whom the deed executed in 1895 was shown testified that the latter deed was the same instrument witnessed by her with the exception that the date had been changed from 1890 to 1895, the consideration raised from $1,000 to $6,000, and that additional property had been inserted. Witness saw the signing of the deed by Baker and his wife and attached her own signature thereto as a witness. Plaintiff vigorously presses the objection made to the admission of this evidence upon the ground that it is a parol contradiction of the contents of the deed, and for that reason incompetent. Following our former expression of opinion on this subject, we entertain the view that the act of Mrs. Shull in delivering the original deed to the grantor that he might insert additional property, redate and redeliver it, together with the acts of the grantor in furtherance of that purpose, constituted a destruc-

tion of the original deed by consent of parties and the substitution of another in place thereof without an intention to revest the title; from which it follows that from the date of the delivery of the original deed the title to the property involved has remained without break in Mrs. Shull. The testimony was admissible not to contradict the deed of 1895 but to establish the fact of the execution of the prior deed, the identity of which as a written instrument had been destroyed.

We are urged, however, to reconsider the conclusion that the title was not revested in the grantor upon an hypothesis at variance with facts in proof. It is asserted that in the deed of 1895 an addition to the habendum clause was inserted depriving the husband of Mrs. Shull of his curtesy. The only evidence in the record touching this point is found in the testimony of the witness referred to in the following portion of her examination:

"Q. In 1890 when you signed said deed can you state what description of property was in said deed at that time. A. Lot six block forty-eight in the St. Joseph Extension Addition, an addition to the city of St. Joseph, in said Buchanan county, State of Missouri. Q. Has any additional property been described in writing in said deed since it was delivered as aforesaid. A. All the written description in said deed which is not included in my last answer has been inserted since that deed was delivered to Ivanora Baker Shull. Q. If any other changes have been made in said deed after it was signed and delivered will you please point them out. A. In the second line of said deed after the word 'ninety' the word 'five' has been inserted, and the original consideration written in said deed was 'one thousand dollars' and the word 'one' has been erased and the word 'six' inserted, so that the consideration now reads, 'six thousand dollars.' *In all other respects the deed is as it was at the time it was delivered to Ivanora Baker Shull.*" None of the changes referred to affected the

right of curtesy. The provision relating thereto appears to have been incorporated in the original deed. The principle invoked is unsupported by any fact in evidence.

There is evidence tending to show open and notorious possession and claim of title by Mrs. Shull from the time of delivery of the first deed and knowledge on the part of the holder of the taxbill of these facts received before the suit was brought.

The issues were fairly submitted in the instructions given.

No error appearing, the judgment is affirmed. All concur.