## GRANITE BITUMINOUS PAVING CO., Respondent, v. PARKVIEW REALTY & IMPROVEMENT COMPANY ET AL., Appellants.

St. Louis Court of Appeals.    Opinion Filed February 5, 1918.

1. **SPECIAL TAX BILLS: Mortgages and Deeds of Trust: Street Improvements: Priority of Lien.** A special tax bill for street improvements, though subsequent to a deed of trust in point of time, takes priority over the latter.

2. ———: ———: **Municipal Corporations: Contractor's Lien for Improvements: Enforcement: Limitation of Lien.** Section 25, article, 6, of the Charter of the city of St. Louis provides that a tax bill shall be come a lien upon the property charged therein and may be collected of the owner of the land and in the name of the contractor, as any other claim in any court of competent jurisdiction; by a subsequent provision of the same section it is declared that the lien of a tax bill shall be destroyed and of no effect against the land charged therewith unless proceedings shall have been commenced to collect the same within two years from the maturity of the bill and still be pending. *Held*, that the two year period prescribed after which the lien is to terminate is not a mere statute of repose to bar actions, but is a limit to the existence of the lien, and, therefore, unless the suit is instituted against the owner within that time, such lien expires and cannot be revived and enforced against the interests of the owner of the land.

3. ———: ———: ———: ———: **Parties Defendant.** In a suit to enforce a special tax bill under article 6, section 25, of the Charter of the city of St. Louis, the beneficiaries under a recorded deed of trust are owners within the charter provision, and are not concluded unless they are made parties to the suit.

4. ———: ———: ———: ———: **Right to Redeem: Day in Court.** In such suit a holder of a deed of trust of record, not notified when the lien matured, and not make a party to the suit until after expiration of the two-year period prescribed by article 6, section 25 of the Charter of the city of St. Louis, is not given his day in court by his right to redeem after judgment.

5. ———: **Evidence: Owners Not Named in Tax Bills: Proof of Aliunde: Basis for Lien.** While general taxes in favor of the State (R. S. 1909, sec. 11385) are a continuing lien against the land no matter who is the owner nor in whose name assessed,

yet in the sense of the said charter provisions, the beneficiaries in a deed of trust are regarded as owners of the property, and it is essential, when others than those named in the tax bill appear to be owners, that proof *aliunde* of the bill be made in order to affect the right of such owners not named therein.

6. ———: ———: **Right to Lien: Assertion Within Time Limit.** A special tax bill is not prima-facie evidence of the right of a lien against a mortgagee not named therein, and unless the lien is asserted while the right of the lien exists, and subsequently established, there is naught from which redemption should be made; otherwise upon foreclosure the land is not chargeable with the lien.

7. ———: **Tax Liens Distinguished: Right to Establish Lien: Optional.** In the case of special tax bills the lien obtains against the owners and their interests in the land only by virtue of its being established against their interests in the land by proof, and not because it comprehends such interest whether or no, as a matter of law, and there exists only a right to establish a lien which attaches provided competent proof is made against the owner while the right of the lien exists.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Eugene McQuillin,* Judge.

REVERSED.

*Collins, Barker & Britton* for appellant.

(1) When the Supreme Court on a proper transfer has jurisdiction of a cause, it will hear and determine the entire cause and not merely dispose of the point of difference in the Court of Appeals. Sutton v. Cole, 155 Mo. 206; Fulkerson v. Murdock, 123 Mo. 292. (2) The charter lien of a tax bill issued July 1, 1905, for work done under an ordinance enacted in February, 1903, and which could under no possible theory have become a lien prior to said February, 1903, has no priority over the lien of deeds of trust executed and recorded in 1902 and 1901. Art. 6, sec. 24, Charter, city of St. Louis; Parker Washington Company v. Corcoran, 150 Mo. App. 188; Cook Case, 101 Ind. 446; Aetna Case, 117 Ind. 251; Pierce Case, 131 Ind. 284; Lovelace Case,

133 Ind. 600; Pittsburgh Appeal, 40 Pa. 457; Martin v. Greenwood, 27 Pa. Sup. 245-251; Seattle v. Hill, 14 Wash. 487, 489; O'Neil v. Duringer, 31 N. J. Eq. 510; 27 Cyc, 1176; Hamilton on Special Assessments, sec. 708; Elliott Roads and Streets, secs. 543, 547-599; Dissenting Opinion of Kennish, Judge, in Morey Engineering & C. Co. v. Ice Rink, 242 Mo. 241, and authorities cited; Dissenting Opinion of Walker, Judge, in Jaicks v. Oppenheimer, 175 S. W. 972, and authorities cited; Same case, 168 S. W. 216; Wood v. Brady, 68 Cal. 78; Wood v. Curran, 99 Cal. 137. (3) But, even if such priority were admitted, still, in a suit to foreclose the lien of a tax bill, it is necessary to make one whose interest in the land is sought to be subjected to such a lien, a party thereto, and this is unquestionably true where, as here, in the case of the *cestuis que trustent* in the deeds of trust, he is a record owner. If not made a party the judgment is as to him of no force or effect whatever, and as if never entered. Perkinson v. Meredith, 158 Mo. 464; Jaicks v. Sullivan, 128 Mo. 177; Paving Company v. Peck, 186 Mo. 520; Corrigan v. Bell, 73 Mo. 53; City v. Bernoudy, 43 Mo. 552; Newman v. City of St. Joseph, 126 Mo. 96; Allen v. McCabe, 93 Mo. 138; Williams v. Hudson, 93 Mo. 524; Stafford v. Fizer, 82 Mo. 393; Smith v. Barrett, 41 Mo. App. 460; Forrey v. Holmes, 65 Mo. App. 114; Eyermann v. Scollay, 16 Mo. App. 498; St. Joseph v. Baker, 86 Mo. App. 310, 113 Mo. App. 691; Olmstead v. Tarsney, 69 Mo. 396; Kirkwood v. Handlan, 182 Mo. App. 636; Utah Implement & Vehicle Co. v. Bowman, 209 Fed. 942; Page v. Chase Co., 145 Cal., 582; Wood v. Brady, 68 Cal 78; Wood v. Curran, 99 Cal. 137; Brady v. Burke, 90 Cal. 1; Lumber Co. v. Schafer, 251 Mo. 53. Nor is it sufficient, to charge the interest of a *cestui que trust* in a deed of trust, that the trustee be made a party. Perkinson v. Meredith, supra. Jaicks v. Sullivan, supra; Corrigan v. Bell, supra; St. Louis v. Bernoudy, supra; Williams v. Hudson, supra; Stafford v. Fizer, supra; Keating v. Craig, 73 Mo. 507; McLaren

v. International Company, 126 Mo. App. 254. And other cases cited under Point 3, supra. (4) (a) The lien of any tax bill that is not entered satisfied within two years after its maturity, unless proceedings in law shall have been commenced to collect same within that time and shall still be pending, shall be destroyed and of no effect against the land charged therewith. Art. 6, sec. 25, Charter of the city of St. Louis. (b) And where suit is commenced within that period against certain defendants and other defendants are brought in after the expiration of two years, no judgment can be rendered against the latter parties or their interest. Forrey v. Holmes, 65 Mo. App. (K. C.) 114; Jaicks v. Sullivan, 128 Mo. 177; Smith v. Barrett, 41 Mo. App. 460; St. Joseph ex rel. v. Baker, 113 Mo. App. (K. C.) 691; St. Joseph v. Baker, 86 Mo. App. 310; Eyermann v. Scollay, supra; Smith v. Boese, 39 Mo. App. 15; Badger L. C. v. Staley (Feb. 7, 1910, K. C. C. of A.), 125 S. W. 779, 141 A. 295; Lumber Co. v. Schofer, 251 Mo. 539; Parker Washington Company v. Kemper (May 9, 1910, K. C. C. of A.), 128 S. W. 271; Hiller v. Schulte, 184 Mo. App. 42; McLaren v. R. E. & I. Co., 126 Mo. App. 254; Utah I. & V. Co. v. Bowman, 209 Fed. 942; Construrtion Co. v. Greffet. 174 Mo. App. 188; Page v. Chase, 145 Cal. 582; Wood v. Brady, 68 Cal. 78; Wood v. Curran, 99 Cal. 137; Brady v. Burke, 90 Cal. 1. (5) The judgment bearing eight per cent. is in conflict with section 7189, R. S. 1909, and erroneous. Gilsonite Roofing and Paving Company v. St. Louis Fair Grounds Association (Mo. Sup. Nov. 12, 1910), 132 S. W. 657. (6) The judgment including therein interest on the several installments at eight per cent from August 19, 1905, to date of judgment was erroneous. The installments only draw six per cent. up to date of their maturities as fixed by the tax bill itself. The judgment, therefore, appears excessive from the face of the record. Eyermann v. Stevens (St. L. C. of A.), 170 S. W. 330. (7) The two tax bills, Nos. 3655 and 3648, sued on in cases Nos. 17593 and 17594 (Court of

Appeals Nos. 12561 and 12562), issued against one lot are void. Barnetts Ex. v. Board of P. Schools, 61 Mo. App. 539-42 (Opinion by Rombauer) ; Bircher v. Bircher, 204 Mo. 562; Savings Bank v. Tracy, 141 Mo. 258-9.

*Sturdevant & Sturdevant* for respondent.

(1) Special assessments for local improvements in Missouri are referable to and sustainable under the taxing power of the State. Garrett v. St. Louis, 25 Mo. 505; Heman v. Allen, 156 Mo. 534; Barber Asphalt Co. v. French, 158 Mo. 534; Construction Co. v. Shovel Co., 211 Mo. 531; Construction Co. v. Railroad, 206 Mo. 179; Morrison v. Morey, 146 Mo. 543; Cooley on Taxation, 623. They are also sustainable under the police power. Morrison v. Morey, 146 Mo. 543. (2) The lien of general taxes, because of their purpose and nature, is superior to all pre-existing contract or judgment liens unless especially provided otherwise by statute. Osterberg v. Union Trust Co., 93 U. S. 428; Stafford v. Fizer, 82 Mo. 393; Jack v. Weiennett, 115 Ill. 105, 110; Gitchell v. Kreidler, 84 Mo. 472; Allen v. McCabe, 93 Mo. 138; Williams v. Hudson, 93 Mo. 524; Morey Engineering Co. v. Ice Rink, 242 Mo. 241. (3) Special taxes can only be created in the exercise of a governmental function. In this respect they are like general taxes. The lien of such taxes under the charter of St. Louis and the laws of Missouri generally, attaches to the subject of taxation, to the *res,* the estate itself, and the entire estate is bound regardless of the condition of the title. No form of incumbrance prior or subsequent, in the nature of contract or judgment liens, can prevent the exercise of the taxing power of the State over the subject and the whole subject. Keating v. Craig, 73 Mo. 507; Excelsior Springs v. Henry, 99 Mo. App. 450; Corrigan v. Bell, 73 Mo. 53; Wabash v. East Lake, 134 Ill. 384, 399; 10 L. R. A. 291; Dressman v. Bank, 100 Ky. 571, 573, et seq.; Osterberg v. Union Trust Co., 93 U. S. 424; Morey v. Duluth, 75 Minn. 221; Seattle v. Hill, 14 Washington, 487; 35 L. R. A. 372, and

note; Pittsburg's Appeal, 70 Pa. St. 142; Allegheny Cities' Appeal, 41 Pa. St. 60; Ready v. Burke, 90 Cal. 1; Cooley on Taxation, 623; Charter v. City of St. Louis, article 6, secs. 14 and 25; Stafford v. Fizer, 82 Mo. 393; State v. Railroad, 77 Mo. 202, 220-221; Jaicks v. Sullivan, 128 Mo. 177; Perkinson v. Meredith, 158 Mo. 457, 464-465; Dresman v. Smirnia, 104 Ky. 693; O'Dea v. Witchell, 144 Cal. 382-383; Chase v. Trout, 146 Cal. 365; Tybaso v. Ft. Myers, 56 Fla. 817; Richmond v. Williams, 102 Va. 733; Norwich v. Hubbard, 22 Conn. 587; State v. Kilburn, 81 Conn. 9; Auditor General v. Bishop, 161 Mich. 122; Dale v. McEvers, 2 Cowen, (N. Y.) 118; Warner v. Van. Alstyne, 3 Paige (N. Y.) 513; Clifton v. Cincinnati, 6 Am. Law. Rec. (Ohio) 687; Morlein v. Westmeier, 4 Ohio, C. C. 299; Corporation of Birmingham, L. R. 17 Ch. D. 782.

(4) Since the adoption of our Constitution in 1821, the Legislature has enacted many laws relative to both general and special taxes and in providing for the lien of such taxes it has with great uniformity provided, merely that such taxes should constitute a "lien," using the latter term without qualifying words either to enlarge or restrict its meaning. Our Supreme Court has a number of times held that the lien of the State for taxes takes precedence of and is superior to all other liens whether prior or subsequent, and has therefore determined the legislative intent to create a first lien by the use only of the word "lien" in reference to the effect of a tax lien. Stafford v. Fizer, 82 Mo. 393; Gitchell v. Kreidler, 84 Mo. 475; Allen v. McCabe, 93 Mo. 144 and 145; Williams v. Hudson, 93 Mo. 529. The same effect has been given to the word "lien" by adjudication in this State relative to special taxes. Excelsior Springs v. Henry, 99 Mo. App. 450; Keating v. Craig, 73 Mo. 507; Perkinson v. Meredith, 158 Mo. 457. Other jurisdictions have adopted a like construction of statutes containing the same or similar terms relative to local taxation. If the legislative intent to give priority to special tax liens is apparent, it is not

necessary that the statute should so provide in express terms. It is sufficient if the intention can be gathered from the general provisions and the purposes of the statute. Seattle v. Hill, 14 Wash. 487; Wabash, etc. v. Eastlake, etc., 134 Ill. 399; Storrie v. Houston St. Ry. Co., 92 Tex. 129. All statutory provisions on the general subject may be construed together for the purpose of gathering the legislative intent and a construction may be adopted consistent with the objects to be accomplished. Seattle v. Hill, 14 Wash. 487; Wabash, etc. v. Eastlake, etc., 134 Ill. 399; Storrie v. Houston St. Ry., 92 Tex. 129; Pattison v. O'Neill, 32 N. J. Eq. 386; Howell v. Essex County, etc., Id. 672. Assessments for local improvements are taxes and are within the legislative provision regarding the priority of tax liens. Howell v. Essex, etc., 32 N. J. Eq. 672; Seattle v. Hill, 14 Wash. 487; Storrie v. Houston St. Ry. Co., 92 Tex. 129. (5) Special taxes, like general taxes, are created in the exercise of the taxing power of the State, and in no other manner. The liens of special and general taxes upon land are identical as to the subject to which the lien attaches, and the scope and effect of the lien. In both instances the lien of the tax attaches to the land itself to the *res*, and binds all interests in the land and is superior to all. When the land taxed is subject to an existing mortgage, or other incumbrance resting upon contract, the lien of the tax supersedes such incumbrance and become senior thereto; and in such cases the lien of the junior lienholder is a lien only upon the equity of redemption of the owner of the land, which gives him the right to redeem and protect himself against the paramount lien of the tax. On the foreclosure of such tax lien the owner of the land is a necessary party to a valid judgment of foreclosure. The senior lien holder may likewise foreclose and bar the equity of redemption of a junior incumbrancer by making him a party, also, to the foreclosure; or if he elects, may waive the right to bar and foreclose such equity of redemption of the

junior lienholder and omit him from the suit, in which event the latter may redeem from the purchaser under the foreclosure of the tax lien. And when the senior tax lien is so foreclosed and the land sold to satisfy such lien, the purchaser at such sale acquires a fee simple title to the land, subject only to the condition, that the junior lienholder not made a party may redeem from the sale. Keating v. Craig, 73 Mo. 507; Stafford v. Fizer, 82 Mo. 393; Paving Co. v. Realty Co., 168 Mo. App. 468. Gitchell v. Kreidler, 84 Mo. 472; Allen v. MacCabe, 93 Mo. 138; Land & Lumber Co. v. Bippins, 200 Mo. 688, l. c. 696-7; Morey Engineering & Const. Co. v. St. Louis Artificial Ice Rink Co., 242 Mo. 241. (6) Junior lienholders are not necessary parties to a suit foreclosing the lien of a special tax bill. Valentine v. Havener, 20 Mo. 133; Talbott v. Roe, 171 Mo. 432; Jones on Mortgages (6 Ed.), par. 1395-6; Wiltse, Mortg. Foreclosure, pp. 190 and 191; also p. 191, par. 160 and authorities; Haines v. Beach, 3rd John Ch. 459; Tug. River Coal, etc. v. Brigel, 86 Fed. 818; Davis v. Mercantile Trust Co., 152 U. S. 590; Corrigan v. Bell, 73 Mo. 53; Allen v. McCabe, 93 Mo. 138; Williams v. Hudson, 93 Mo. 524; 27 Cyc. 1563 and notes; Page and Jones on taxation by assessment, secs. 1123-1225. (7) The right of a junior lienholder, who was not a party to the suit foreclosing a senior lien, is a right to redeem, *and that only;* and this is, of course, true as to all bondholders and beneficiaries for whose benefit the junior lien is held. Wiltse on Mortg. Foreclosure, pp. 190-191, par. 160; also authorities; Jones on Mortg., secs. 1203, 1396 and 1426; Stafford v. Fizer, 82 Mo. 393; Rothenberger v. Garrett, 224 Mo. 197; Williams v. Hudson, 93 Mo. 524; Allen v. McCabe, 93 Mo. 138; Keating v. Craig, 73 Mo. 509. (8) Under the charter of St. Louis and adjudications thereon the owner of the property to which the lien of the tax bill attaches is a necessary party, that is, a wholly indispensable party to a suit foreclosing such lien, and unless such owner is a party to the suit any judgment therein establishing a

lien is void. Barnett, etc. v. Board of St. Louis Public Schools, 61 Mo. App. 542; Perkinson v. Meredith, 158 Mo. 457; City of St. Louis, etc. v. Bernoudy, 43 Mo. 552; Jaicks v. Sullivan, 128 Mo. 177. (9) On the other hand it is equally well settled by adjudication that the beneficiary in a deed of trust, or mortgage, is not a necessary party to a suit foreclosing the lien of a special tax bill. Upon this it follows that such trustee or mortgagee is, therefore, not an owner within the meaning and purpose of that term as used in our city charter and the law making owners necessary parties to such foreclosure. City of St. Louis, etc. v. Bernoudy, 43 Mo. 552; Olmstead v. Tarsney, 69 Mo. 396; Keating v. Craig, 73 Mo. 507; Gitchell v. Kreidler, 84 Mo. 472; Allen v. McCabe, 93 Mo. 138. (10) Where the amount assessed against a tract of ground is correct the tax bills issued thereon are not void because two bills are issued, when the entire assessment on the particular tract might have been included in one bill. If the amount of the tax is correct the owner suffers no injury by reason of the two bills. Whittemore v. Sills, 76 Mo. App. 257. (11) Where the judgment rendered is for the correct amount of principal and interest due at the time of its rendition, the fact that such judgment provides that it shall bear a higher rate of interest than the law permits from the date of its rendition is not such an error as would justify reversal. The excessive interest so provided for can be remitted by plaintiff or corrected by the court and the judgment affirmed for the correct rate of interest. 3 Cyc. 434 and authorities under notes 21 and 22; State v. Hope, 121 Mo. 34; Kimes v. St. Louis, etc., 85 Mo. 611; Franklin v. Haynes, 119 Mo. 566. (12) "It is a maximum of judicial procedure, that where two conclusions are equally admissible, in construing a law, the one should be adopted by the court which will best carry out the object which the lawgivers sought to reach. The term "owner," in its restricted sense, means the legal owner, and, in its wider sense, any person beneficially interested in the property. The city charter in providing for the pay of

the contractor in special taxbills, must have used the term "owner" in its more restricted sense, since, otherwise, the lien of the special taxbills in preference to existing liens created by deed, would have become practically unenforceable and furnished the contractor no security whatever. Of this, the facts disclosed by the record in this case furnish the fairest illustration." Rombauer, Paving Company v. Realty Company, 168 Mo. App. 480. The authority of the city of St. Louis to make public improvements of the class with which we are concerned here is found in Article 6 of the city charter. The particular provisions of the charter to which we will have occasion to refer later, applicable to street improvements, are found in sections 14, 25 and 26 of said Article 6. These sections provide, among other things, for the levying of the tax upon the land within a given district, assessing such tax against the land exclusively and not against its owner, for the lien and effect of the tax so levied and the procedure for the foreclusure of such lien and the exemption of the city from any liability for the cost of the improvement.

*Charles W. Bates Amicus Curiae.*

ALLEN, J.—The appeal in this case was first submitted to this court at its October Term, 1912, and was here disposed of by the opinion of Honorable R. E. ROMBAUER, special judge, which was adopted as the opinion of the court. NORTONI, J., however, dissented, in an opinion filed, and at his request the cause was certified to the Supreme Court (Granite Bituminous Paving Co. v. Parkview Realty & Improvement Co., et al., 168 Mo. App. 468, et seq 151 S. W. 479). When the cause came on for hearing in the Supreme Court, *in banc,* at its April Term, 1917, that court, by its majority opinion, held that inasmuch as the record of this court in the case showed that a motion for rehearing had been sustained, without a rehearing having been had, or resubmission of the cause, the judgment of this court entered therein was *coram non judice* and

void: and that since the cause had not been finally determined by this court, the Supreme Court was without jurisdiction to proceed with it. It was accordingly remanded to this court.

A rehearing has now been had before us, and the issue presented has been submitted for our determination. In the dissenting opinion of NORTONI, J., written when the case was formerly here (168 Mo. App. 483, et seq.), the facts are fully and separately stated, and we quote therefrom as follows:

"This is a suit on a special tax bill issued in accordance with the charter provisions of the city of St. Louis, in compensation for street improvement. Plaintiff prevailed in the suit, and the court gave judgment establishing the lien of the tax bill against the lot of defendant Nina Realty Company in the amount of $1600.23, and interest thereon.

"There are several defendants, and all 'of them appeal from this judgment, but the Nina Realty Company alone, as owner of the lot on which the lien is enforced, is the substantial party in interest. The other defendants are prior owners of the property and trustees in certain deeds of trust thereon, and it will be unnecessary to set them forth here, as they are without any beneficial interest in the property and the judgment is in no sense a personal one against them. At the time the judgment was entered, the lot on which the lien of the tax bill is sought to be established was owned by defendant Nina Realty Company, who succeeded to the title of the Parkview Realty & Improvement Company by virtue of the foreclosure of certain deeds of trust thereon, under which the Nina Realty Company purchased.

"The lot of ground involved is parcel of City Block No. 3878, fronting 405.17 feet on Union boulevard in the city of St. Louis. Plaintiff contractor reconstructed Union boulevard adjacent thereto, in accordance with an ordinance of and under a contract with the city of St. Louis, to that end. At the time of the

improvement and the issue of the tax bill therefor, the lot was owned by the Parkview Realty & Improvement Company, a corporation, subject, however, to two deeds of trust then outstanding thereon. The first of these deeds of trust was executed on July 1, 1902 by the Parkview Realty & Improvement Company, owner, to the Lincoln Trust Company, trustee, to secure certain bonds. The second of such deeds of trust.was executed on August 1, 1902 to the Lincoln Trust Company, trustee, to secure certain other bonds, and both of such deeds were duly recorded about the time of their execution. While these deeds of trust were in force and the indebtedness evinced by the bonds therein described was subsisting and unpaid, the city provided by ordinance for the reconstruction of Union boulevard. This ordinance appears to have been passed in February, 1903, and the contract for such reconstruction work was duly let thereunder to plaintiff. Plaintiff performed the work in accordance with the ordinance and contract, and on July 1, 1905 the tax bill sued on was issued to him therefor. Thereafter, on July 19, 1905, notice of the issuance of the tax bill was duly served by the city marshal on the defendant Parkview Realty & Improvement Company, owner of the fee, but on no other defendant. As originally issued, the tax bill was payable in installments, but upon the failure of the owner of the property to pay the first installment when due, plaintiff exercised its option under the city charter and declared all installments thereof due and payable. Under the provisions of the charter, the first installment of the tax bill became due thirty days after notice thereof was served on the owner—that is, on August 19, 1905—and subsequent installments became due immediately, likewise, because of the owner's failure to pay the first installment. Thereafter, on June 20, 1907, and within two years from the maturity of·the tax bill August 19, 1905, plaintiff instituted this suit, to the end of establishing and enforcing the lien thereof against defendant Parkview Realty & Improvement Company,

owner, and the trustee in the two deeds of trust, but omitted to make the beneficiaries in such deeds of trust parties thereto. Subsequently and after the expiration or more than two years from maturity of the tax bill, the property was sold at trustee's sale under the two deeds of trust above mentioned, and the Nina Realty Company became the purchaser thereof. Such sales under the two deeds of trust were had, on November 2, 1908, and it was on that day the Nina Realty Company succeeded to the title of the prior owner, Parkview Realty & Improvement Company, through its purchase at the trustee's sale. The Nina Realty Company, having thus become owner of the fee during the pendency of the suit, was made a party defendant thereto on November 20, 1908. By filing an amended petition on that date, plaintiff set forth the trustee's sales and the fact that the Nina Realty Company had purchased the lot thereunder, made that company a defendant, and prayed that its interests as owner of the property should be subject to the lien of the tax bill in suit.

Among other things, section 25, Art. 6, of the city charter provides the lien of any tax bill that is not entered satisfied within two years after its maturity, unless proceedings in law shall have been commenced to collect the same within that time and shall still be pending, shall be destroyed and of no effect against the land charged therewith. In view of this provision of the charter, the defendant Nina Realty Company interposed its answer to the effect that the lien of the tax bill had expired and was unenforceable against its interests in the property, for the reason that no suit had been instituted thereon within two years after maturity of the bill against the beneficiaries in the deed of trust under which it purchased. Though the Parkview Realty & Improvement Company, owner at the time, was sued within the two-year period, the case concedes that the beneficiaries in the two deeds of trust under which defendant Nina Realty Company purchased were not made parties thereto at the time. Indeed, the first move made

toward bringing the interests of the beneficiaries before the court was the amended petition filed on November 20, 1908, adding the Nina Realty Company, who succeeded to their rights, as a defendant, and this was long after the expiration of the two-year period prescribed in the charter, for that period commenced to run when the tax bill matured, on August 19, 1905, and terminated August 19, 1907. Notwithstanding all of this, the court gave judgment for plaintiff, establishing and enforcing the lien of the tax bill against the lot of ground described and interests of both the Parkview Realty & Improvement Company and the Nina Realty Company therein, as though it were unnecessary to include the beneficiaries in the deeds of trust in a suit for the enforcement of the tax bill within the two-year period prescribed, to charge them or their successors as owners of the property with the consequences of the lien.''

There is but one question now in the case, which was the only question before this court for determination when the former opinions were written; the Supreme Court in Morey Engineering Co., etc., v. St. Louis Artificial Ice Co., 242 Mo. 241, 146 S. W. 1142. having held that a special tax bill, though subsequent to a deed of trust in point of time, takes priority over the latter. The sole question for determination is whether or not the special tax bill may be enforced against the interest of the Nina Realty Company in the land, that company not having been made a party defendant within two years after the maturity of the bill. As to this question we have fully and carefully considered the able briefs and arguments of counsel *pro* and *con*, and have reached the conclusion that the dissenting opinion of NORTONI, J., supra, is a correct exposition of the law pertinent to the matter in hand. We therefore adopt it as follows:

''Obviously, error lies in this judgment, for it involves and affirms the idea that one's rights may be concluded as though a valid claim existed against him

or his property without having this day in court until
long after such claim had become extinguished of its
own force. By section 25, article VI of the charter, it is
provided the tax bill shall become a lien upon the
property charged therein and may be collected of the
owner of the land and in the name of and by the con-
tractor, as any other claim, in any court of competent
jurisdiction. From this, it appears that the lien is to
be enforced against the land in the name of the owner
thereof and, by subsequent provision of the same sec-
tion, the lien of the tax bill, it is declared, 'shall be
destroyed and of no effect against the land charged
therewith,' unless proceedings shall have been commen-
ced to collect the same within two pears from the
maturity of the bill and still be pending. Therefore, the
proceedings must be commenced on the tax bill and
against the owner of the land within such two-year
period in order to preserve and establish the lien, or,
otherwise, it is destroyed and extinguished perforce of
the very words that gave it life. The authorities are
abundant and of one accord to the effect that the suit
must be instituted against the owner within the two-year
period prescribed, as will appear by reference to the
following cases: The case of Eyermann v. Scollay, 16
Mo. App. 498, declares and affirms the rule under the
St. Louis charter; and the following are to the same
effect with respect to the charter of Kansas City; Smith
v. Barrett, 41 Mo. App. 460; Jaicks v. Sullivan, 128 Mo.
177, 30 S. W. 890; Smith v. Boese, 39 Mo. App. 15;
Forrey v. Holmes, 65 Mo. App. 114; Parker-Washington
v. Kemper, 143 Mo. App. 244, 128 S. W. 271. For
rulings to the same effect under the St. Joseph charter,
see St. Joseph v. Baker, 86 Mo. App. 310; St. Joseph
v. Baker, 113 Mo. App. 691, 88 S. W. 1122. The
doctrine declared by all of the cases is, that the two-
year period prescribed after which the lien is to termi-
nate, is not a mere statute of repose to bar actions, but
is rather a limit to the existence of the lien and, there-
fore, unless the suit is instituted against the owner

within that time, such lien expires and it may not be revived and enforced against the interests of the owner in the land. [Smith v. Barrett, 41 Mo. App. 460.]

"But it is said, though such be true, the present suit was instituted against the Parkview Realty & Improvement Company, owner, within the two-year period, and that will suffice to establish the lien against the derivative title of the Nina Realty Company, though the beneficiaries in the deeds of trust were not made parties; for, it is said, such beneficiaries possess nothing more, as against this plaintiff lienor, than the right to redeem therefrom. There can be no doubt that the lien of a subsequent special tax bill duly established prevails over the lien of a prior mortgage or deed of trust and becomes senior thereto. Such is the effect of the recent decision of the Supreme Court in Morey Engineering, etc., Co. v. St. Louis Artificial Ice, etc., Co., 242 Mo. 241, 146 S. W. 1142. This is undoubtedly the rule where both the owner of the land and the beneficiaries in the mortgage are made parties to the suit prior to the expiration of the lien, for, in the case last above cited, all parties in interest were before the court. See, also, to the same effect, Keating v. Craig, 73 Mo. 507, where both the owner and the mortgagee were parties to the suit to enforce the lien of the tax bill. But though it be the rule that the lien of the subsequent tax bill becomes senior to the lien of the prior mortgage which is remitted to the position of a junior lien, when all parties in interest are before the court, it is the rule, too, that the rights of the beneficiaries in the mortgage are not concluded by the judgment unless they are made parties to the suit. For a judgment to this effect on a tax bill, see Forrey, v. Holmes, 65 Mo. App., 114. As to such beneficiaries who have been omitted from the suit to foreclose the State's lien for taxes, the Supreme Court has, in a number of cases, affirmed that, though title passed by the execution sale, their right to redeem was still available, as will appear by reference to Stafford v. Fizer, 82 Mo. 393; Gitchell v. Kriedler, 84

Mo. 472; Corrigan v. Bell, 73 Mo. 53; Allen v. McCabe, 93 Mo. 138, 6 S. W. 62.

"Considering the thought reflected throughout all of these authorities, it is obvious that the beneficiary in the deed of. trust or mortgage is required to be made a party to the suit, for the reason that he is an owner, within the sense of that term as employed in the charter provision and as employed in the statute with respect to general taxes levied in behalf of the state. Some of the cases put the rule expressly on the ground that the beneficiary is an owner. [See Stafford v. Fizer, 82 Mo. 393; Gitchell v. Kreidler, 84 Mo. 472.] Furthermore, the Supreme Court, in the recent case of Morey Engineering, etc., Co. v. St. Louis Artificial Ice, etc., Co., 242 Mo. 241, 146 S. W. 1142, in construing the St. Louis charter, declared the beneficiary in the deed of trust an owner within the sense of that term, to the end of raising the lien of the tax bill from the position of the junior, where it otherwise lay, to that of senior lien over a mortgage prior thereto in point of time. To the end of evincing that the charter contemplated the lien of the tax bill should prevail over the rights of a prior mortgage, the Supreme Court quoted from section 25 of the charter as follows; 'Said tax bills shall be and become a lien upon the property charged therewith, and may be collected of the owner of the land and in the name of and by the contractor as any other claim in any court of competent jurisdiction.'. Touching the words thus quoted, the court says, 'Construed in the light of the case last cited, this means that the tax is a lien upon the property, to be enforced by a proceeding *in rem* against the property. And, as ruled above, the word 'owner' includes incumbrances.' If, then, the beneficiary in the deed of trust is to be regarded as an owner of the property for the purpose of postponing the lien of his prior mortgage to the lien of the subsequent tax bill, it would seem that he should be regarded as an owner in whose favor the requirement to institute suit within the two-year period, in order to preserve the liens, ob-

tains.   On  a  like question the Kansas City Court of Ap-
peals, under the charter of that city, declared that, unless
the beneficiary in the mortgage was made a party to the
suit within the two-year period, the lien as to his
interests amounted to naught, or, in other words, had
expired.   [See Forrey v. Holmes, 65 Mo. App. 114.]

"But it is argued that the junior lienor is never a
necessary party to a proceeding for the enforcement of
the senior lien and that a valid judgment may be had
against the *res,* enforcing the lien, though the junior
lienor is not a party, but subject, however, to his
right to redeem.   The argument is obviously sound in
those cases where the lien is a continuing one and so com-
prehensive by the terms of the statutes as to include all
interest in the land in whosoever name it may be.   The
cases of Stafford v. Fizer, 82 Mo. 393; Gitchell v.
Kreidler, 84 Mo. 472; Allen v. McCabe, 93 Mo. 138, 6
S. W. 62, and numerous other authorities declare the
rule where the lien of the State for taxes has been
enforced.   In the argument advancing this proposition
it is said the junior lienor, the holder of the mortgage
here, at best has a lien only on the equity of redemp-
tion, or a right to redeem from the prior lien of the
tax bill, and that this continues and may be availed of
to the very day of sale under the tax judgment; that
though defendant Nina Realty Company was not made
a party until after the two years had expired, and the
beneficiaries in the mortgages, to whose rights it suc-
ceeded, were never made parties at all, its right to
redeem is still open and this defendant has been given
its day in court with respect thereto, for it may redeem
even after the judgment is affirmed and at any time
before the property is sold in execution thereunder.
Obviously this argument assumes a subsisting lien
against the interests of the Nina Realty Company from
which a redemption may be made.   If the lien continued
to exist as in the tax cases, and obtained upon the
realty without regard to the ownership, the argument
would be persuasive, indeed.   But here, the lien of the

tax bill expired before it was ever asserted, as the charter requires, against the beneficiaries in the mortgages or the Nina Realty Company, which succeeded to their rights, and, furthermore, the lien of the tax bill does not obtain against the land without regard to the ownership.

"The general taxes in favor of the State are declared by section 11385, Revised Statutes 1909, to obtain against the land 'no matter who is the owner nor in whose name it was assessed.' And the lien with respect to such taxes obtains accordingly there—that is, on every interest in the land. It is true that the owner of the land must be made a party to the tax suit for the purpose of enforcing the lien of the State, to the end of conferring the jurisdiction over the *res,* but the tax itself is affixed against the land as a matter of law without regard to the owner thereof. Such is not true as to a tax bill representing special assessments as for benefits because of improvements made, for unless the improvements are made, no tax can obtain, and that such improvements were made is a fact to be proved as a basis for the lien. Special tax bills become a lien upon the property and may be collected of the owner of the land, it is true; but, to this end, proof is required against the interest of the owner as a condition precedent to affixing the lien upon his interest in the land. This proof, according to section 25 of the charger, may be made by the tax bill itself, which is sufficient prima-facie evidence ' 'of the liability of the person therein named as the owner of the land charged with such bill to pay the same.' The tax bill here involved names the Parkview Realty & Improvement Company as the owner of the land and in no way refers to the beneficiaries in the mortgages. Obviously, then, the bill itself is sufficient to evince the right of a lien against only the Parkview Realty & Improvement Company. In the sense of the charter, as before pointed out, the beneficiaries in the mortgages are regarded as owners of the property, too, and it is essential, when others than

those named in the tax bill appear to be owners, that proof *aliunde* the bill be made, in order to affect the rights of such owners not named therein. [See Farrell v. Rammelkamp, 64 Mo. App. 425; McCormick v. Clopton, 150 Mo. App. 129, 130 S. W. 122.]

"That the tax bill is not prima-facie evidence of the right to the lien against a mortgagee not named therein has been expressly decided, as will appear by reference to Kansas City to the use, etc. v. American Surety Co., 71 Mo. App. 315. Obviously the charter intends that every person interested as owner in the property sought to be subjected to the lien of the tax bill shall have a right to defend against the assertion of such lien, and most assuredly the assertion of the lien should be made while the right to it continues to exist and not after it dies, for then defense would be unnecessary. From these considerations alone, it would seem that the rule which prevails as to the right of the junior incumbrancer to redeem from the general tax lien and, except for that, a judgment to which he is not a party concludes him, is without force here, for unless this lien is established by evidence *aliunde* the tax bill, no lien whatever obtains against the rights of such owner as the Nina Realty Company, whereas in the case of the lien for general taxes it comprehends the whole estate and every interest in the land, without regard to the matter of ownership whatever and obtains against both prior and subsequent incumbrancers at all hazards. In the case of the special tax bill, the lien obtains against the owners and their interests in the land only by virtue of its being established against their interest in the land by proof, and not because it comprehends such interests whether or no, as a matter of law. Unless the lien is asserted within the two-year period and subsequently established, there is naught from which redemption should be made.

"It seems to me the opinion of the court in this case overlooks the fact that there is no lien here until established, and treats the matter as though there were

a subsisting lien as in the case of general taxes or in the case of a mortgage, both of which liens obtain without any proof whatever. In this case, instead of there being a lien upon the land, there exists only a right to establish a lien which attaches provided competent proof is made against the owner within two years. If the mortgagee is an owner, as declared in Morey Engineering & Construction Co. v. St. Louis Artificial Ice Rink Co., 242 Mo. 241, 146 S. W. 1142, then such mortgagee should be sued within the two years limitation prescribed by the charter in favor of an owner."

To the foregoing we desire merely to add the following observations:

Though we have great respect for the views of the learned special judge, formerly a member of this court, who wrote the majority opinion when the case was previously here, it is our judgment, upon mature reflection, that that opinion fails to follow the ruling of the Supreme Court in the Morey case, supra, in holding that the word "owner," as used in the (then) charter of the city of St. Louis, was to be taken as used in its restricted sense, meaning only the legal owner, and that it did not include any other person beneficially interested in the property. In the Morey case the Supreme Court appears to have distinctly held to the contrary, viz., that the word "owner" in the charter is to be taken in its broad sense, and that it includes a *cestui que trust* in a deed of trust, or other holder of an incumbrance on the land. This appears more than once throughout the majority opinion in that case; and finally it is said (l. c. 259): "And, as ruled above, the word 'owner' includes encumbrancers."

We may also remark that what was said in the former majority opinion of this court herein, respecting the difficulties attendant upon the enforcement of a special tax bill if the word "owner" in the charter is to be taken other than in its restricted sense, supra, appears to wholly fail to reckon with the fact that our statute, section 1776, Revised Statutes 1909, makes express

provision for service on unknown parties by publication in an action of this character.

We are much strengthened in our view of the case, supra, by the recent decision of our Supreme Court in Riverside Lumber Co. v. Schafer, 251 Mo. 539, 158 S. W. 340, decided while the case now before us was pending in the Supreme Court on certification as stated above. That was a suit to enjoin the sale of real property under "a school fund mortgage." The plaintiff therein, the Riverside Lumber Company, had filed a mechanic's lien against the property, and since the lien dated from the commencement of the work on the building, or the furnishing of the materials therefor, which was prior to the execution and recording of the mortgage, the former was entitled to priority in law over the latter. The plaintiff, however, had failed to make the mortgagee a party to the suit to establish the mechanic's lien, within ninety days from the filing of the lien account. It was held that by the failure to make the mortgagee a party within ninety days the priority of the mechanic's lien over the school mortgage was lost; and that the judgment establishing the lien in no wise affected the interest of the mortgage. In the course of the opinion the learned author thereof said:

"And it has also been held that if the owner of the property, for any reason, is not made a party to the suit, within said ninety days, no lien can be established against his interest therein. That being true, then by parity of reasoning, I am unable to see how it can be logically said that the interest of any other person in the property can be tried and adjudicated, if the suit is not begun against him within said ninety days. I can see no reason for differentiating the interest of the landowner and that of the mortgagee in proceedings to enforce mechanic's liens against the property in which both are interested.." [See Riverside Lumber Co. v. Schafer, supra, 1. c. 551, 552].

It is argued that the Riverside Lumber Company case does not here apply, for the reason that it was

one involving a mechanic's lien, while we are here concerned with the lien of a special tax bill. It is unnecessary to set out at length the argument advanced in this connection. So far as concerns the particular question before us the principle involved is, in our judgment, precisely the same whether the proceeding be one to enforce a mechanic's lien or a special tax bill. In either case the lien (whatever may be its precise character up to that time) ceases to have any existence after the lapse of a certain period of time, unless proceedings are instituted to establish or enforce it. In this respect both tax bills and mechanic's liens differ from mortgages and deeds of trust which create liens without the aid of any suit to establish or enforce them, and which continue as liens until satisfied or until the holder has lost his right by limitation. In the case either of a tax bill or a mechanic's lien it is purely optional with the holder to take steps within the requisite time, to impose the lien against the interest of all parties in the land, or to proceed alone against the interest of the holder of the equity of redemption waiving his right to bring in parties otherwise beneficially interested in the property. In this connection see Riverside Lumber C. v. Schafer, supra, l. c. 552.

It is true that as to mechanic's liens the statute provides that all parties interested in the property may be made parties "but such as are not made parties shall not be bound by any such proceedings;" but this is the effect of the provisions of the charter of the city of St. Louis then in force (See Perkinson v. Meredith, 158 Mo. 457, l. c. 464, 59 S. W. 1099), and is merely in accord with the fundamental principle that the interest of one in land cannot be divested by a proceeding of which he has neither actual nor constructive notice.

And there are pointed reasons, we think, why a *cestui que trust* in a deed of trust should be made a party, within the time which by law constitutes the

period of the existence of the lien, if his interest is to be affected by the proceeding. He has more than a mere right to redeem against the tax bill. He is entitled, in our view, to question the validity of the tax bill, or the proceedings leading up thereto, or the amount thereof, and to be accorded the right to do so while the evidence touching the matter is available and fresh. The *cestui que trust* may be, and often is, more vitally interested in asserting such defenses than the owner of the naked legal title whose equity of redemption may perhaps be worthless. In the recent case of Utah Implement-Vehicle Co. v. Bowman, 209 Fed. 942, a case involving the question decided in the Riverside Lumber Company case, supra, and which is in line with the latter case, it is said:

"Any dispute touching the amount of the claim, the date of its origin or the time to which the lien relates, is thus to be conclusively settled while the facts are still fresh and the witnesses are available. Now it cannot be doubted that it is often quite as important to an incumbrancer, who is a stranger to the transactions upon which the claim of the lien is based, to have the benefit of this protection, as to the owner himself, who is in a better position to know the facts and to preserve the evidence thereof. . . .

"The argument that the limitation does not apply to a mortgage, because the validity and amount of mechanic's lien may be established in a suit between the claimant and the owner of the property alone, and that the only issue in which the mortgagee is interested, namely, the date or relative dignity of the lien, may be tried out in a subsequent suit to redeem in so far as it has any force at all, rests upon an erroneous assumption, which is that the mortgagee has no right to question the amount or validity of the claim of lien. These are issues which the incumbrancer, equally with the owner, may raise, and for that purpose the mortgagee is entitled to his day in court. If, for instance, a lien were asserted for the value of materials which

was never furnished for use in a structure covered by the mortgage, it must be clear that the mortgagee may, by showing the fact, defeat the lien or reduce the amount thereof.''

This reasoning, we think, is equally applicable to the situation presented by the record before us.

From the views expressed above it follows that the interest of the *cestui que trustent*, who were never made parties remained unaffected by the proceeding herein. That interest has now passed to the Nina Realty Company, which corporation has acquired the fee simple title to the land through the foreclosure of the deed of trust. That defendant was not made a party to the suit until more than two years after the maturity of the tax bill, and hence the land in its hands is not chargeable with the lien thereof.

The judgment must accordingly be reversed, and it is so ordered. *Becker, J.,* concurs. *Reynolds, P. J.,* concurs in the result, on the authority of the decision of the Supreme Court in Riverside Lumber Company v. Schafer, supra, a decision not before us when the former opinion was written.